## 20496

James R. POOLE and Mildred Louise Poole, Respondents, v. COMBINED UTILITY SYSTEM OF the CITY OF EASLEY, Appellant.

(237 S. E. (2d) 82)

272

*Felix L. Finley, Jr., of Finley, Ponder & Warlick, Pickens, for Appellant,*

.

*Leatherwood, Walker, Todd & Mann,* of Greenville, *for Respondents,* 

August 17, 1977.

GREGORY, Justice:

This is an appeal from the overruling of a demurrer to respondents' complaint. The complaint alleged that appellant had taken respondents' property without making just compensation, in violation of Article 1, Section 13 of the South Carolina Constitution. The central question is whether the complaint alleged a denial by appellant of the respondents' right to compensation. Finding it did, we affirm.

Respondents began the action in July 1976.The complaint alleged that in 1973 appellant had bought two lots in the subdivision where respondents lived. Appellant then constructed an electric substation on the lots in violation of restrictive covenants covering all lots in the subdivision.

The lower court overruled both grounds of appellant's demurrer: that respondents did not allege a denial of the right to compensation; and that respondents' exclusive remedy was statutory. [1]

This Court has recognized that the right to enforce a restrictive covenant is property under Article 1, Section 13. *School District Number 3 v. Country Club of Charleston,* 241 S. C. 215, 127 S. E. (2d) 625 (1962). The Court has also recognized that if a municipality denies a property owner his right to compensation, the own-

---

[1] Appellant cited § 59-221; §§ 25-161 through 25-170; §59-151 et seq.; § 47-68.1; and 59-201; all of the 1962 Code, as amended.

er's recourse is by a non-statutory action at law. *Smith v. City of Greenville,* 229 S. C. 252, 92 S. E. (2d) 639 (1956).

We think the complaint in the present case alleged a denial of the right to compensation. The complaint alleged that respondents had protested the building of the station; that respondents had been damaged; and that the action of appellant was a taking of property without payment of just compensation. The complaint was brought three years after the purchase of the lots.

We must construe the complaint liberally. *Moore v. Chesterfield County,* S. C. 234 S. E. (2d) 864 (1977). When the complaint is so construed, it is inferable that appellant took the position that respondents were not entitled to compensation.

Appellant also appeals from the lower court's refusal to strike part of the complaint. The portion objected to was:

Plaintiffs informed the defendant of the aforementioned restrictive covenants before any of the aforementioned structures were erected on Lots 47 and 48, but despite such information, the defendant *wilfully, wantonly and in a manner showing a gross disregard of the contractual rights of the plaintiffs* erected the aforementioned structures. (Emphasis added.)

The lower court struck the emphasized language. Nevertheless, appellant says that the remaining allegation, that it was notified, is irrelevant and unduly prejudicial. We do not agree. The allegation is relevant to the question of whether appellant denied respondents' right to compensation.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and RHODES, JJ., concur.