### 22074

Ida J. WILSON, Respondent-Appellant, v. Elijah JONES, John Swinton, Julia Horlbeck, Wilhelmina Major, James Brown, the younger; Isaiah Coakley, and Paul Coakley (Isaiah Coakley and Paul Coakley being minors under the age of fourteen years); and Paul Brown, if he be living; and John Doe and Mary Doe, fictitious names designating unknown heirs at law, distributees and devisees of Paul Brown, if he be deceased; and said fictitious names also used herein to designate the unknown heirs at law, distributees and devisees of John O. Brown, Nancy Brown, Emma Brown, Frank Brown, Georgianna Brown, William Brown, the elder, Ellen

Brown, James Brown, William Brown, the younger, and Emma Campbell; and said fictitious names also designating all other persons and legal entities unknown who may have or claim an interest in, or lien upon the real estate described in the Complaint herein, including any such as may be infants, incompetents, or otherwise under any disability including any disability under the Soldiers and Sailors Civil Relief Act, Defendants, of whom Wilhelmina Major, Paul Coakley and Isaiah Coakley (Paul Coakley and Isaiah Coakley being minors under the age of fourteen years) are Appellants-Respondents.

(314 S. E. (2d) 341)

Supreme Court

*S. Thomas Worley, Jr.*, Mount Pleasant, *for appellants-respondents.*

*Ray P. McClain*, Charleston, *for respondent-appellant.*

April 2, 1984.

GREGORY, Justice:

Respondent-appellant Ida J. Wilson brought this action seeking a partition of two tracts of land located in Charleston County. The circuit judge ruled, upon the Master's recommendation, that appellants-respondents Wilhelmina Major, Paul Coakley, and Isaiah Coakley, the alleged illegitimate children of James Brown, Wilson's cousin, were entitled to Brown's share of the tracts of land. We reverse.

The master and the circuit judge found there was sufficient evidence that Major and the Coakleys were the illegitimate children of James Brown, and that, pursuant to *Trimble v. Gordon*, 430 U. S. 762, 97 S. Ct. 1459, 52 L. Ed. (2d) 31 (1977), Major and the Coakleys could inherit from their father's estate, but only to the extent of one-fourth of the estate.

In 1974, the year of Brown's death, South Carolina allowed illegitimate children to inherit only from their mothers' estates. *See* S. C. Code Ann. § 21-3-30 (1976), formerly § 19-53 of the 1962 Code. In 1977, the United States Supreme Court held that an Illinois statute which allowed illegitimate children to inherit only from their mothers' estates violated the Equal Protection Clause of the Fourteenth Amendment to the United States Consititution. *Trimble, supra.* The limitation in § 21-3-30 of the Code allowing illegitimate children to inherit only from their mothers' estates is therefore violative of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

The next issue is whether to give retroactive effect to *Trimble.*

This Court held in *Muldrow v. Caldwell,* 173 S. C. 243, 175 S. E. 501 (1934), that a statute enacted in 1934 which allowed legitimate children to inherit equally from their illegitimate siblings could not be applied to the estate of an intestate who died in 1931.

> As the right of one person to inherit the property of another becomes vested on the death of the latter, the statutes in force at the time of his death, as against statutes in force at a prior or subsequent date, govern the disposition of an estate. [18 C. J.] 808.
>
> . . . . .
>
> The State has no power to divest or to impair vested rights, whether such an attempt to do so he made by legislative enactment, by municipal ordinance, or by change in the constitution of the state . . . .

*Id.* at 250-251, 252, 175 S. E. at 504. See also *Schumacher v. Chapin,* 228 S. C. 77, 88 S. E. (2d) 874 (1955).

In South Carolina, where a person has the right to die intestate and during his life he is charged with full knowledge of who will succeed to his property if he dies intestate, the assumption exists that, if he dies intestate, he is satisfied with the will the law of the state made for him. *Muldrow, supra.* Had James Brown inquired into the law of descent and distribution in 1974, he would have been informed that, pursuant to *Labine v. Vincent,* 401 U. S. 532, 91 S. Ct. 1017, 28 L. Ed. (2d) 288 (1971), illegitimate children would not inherit from their fathers' estates.

Moreover, retroactive application of *Trimble* would disrupt that orderly process of probate. We hold *Trimble* should not be given retroactive effect but should be applied prospectively only. Therefore, only those illegitimate children whose fathers died after April 26, 1977, the date of the *Trimble* decision, may inherit from their fathers' estates. *See Frakes v. Hunt,* 266 Ark. 171, 583 S. W. (2d) 497 (1979); *Pendleton v. Pendleton,* 560 S. W. (2d) 538 (Ky. 1977).

We hold illegitimate children can inherit from their fathers' estates but only those whose fathers' deaths occurred after April 26, 1977.

Assuming, without deciding, that sufficent evidence was presented for the master and the circuit judge to find Major and the Coakleys were the illegitimate children of James Brown, we conclude they are not entitled to inherit through him, his death having occurred in 1974, before the *Trimble* decision.

Because of our disposition of this issue, we need not address Major's and the Coakley's exception regarding the limiting of their inheritance to one-fourth of the estate.

Reversed.

LEWIS, C. J., and LITTLEJOHN, NESS and HARWELL, JJ., concur.