0375

Fannie J. MOORE, Administratrix of the Estate of Michael J. Moore, Appellant, v. CITY OF COLUMBIA, South Carolina, Respondent.

(326 S. E. (2d) 157)

Court of Appeals

*J. Leeds Barroll, IV*, Columbia, *for appellant.*

*Walter B. Todd, Jr.*, Columbia, *for respondent.*

Heard Oct. 22, 1984.

Decided Jan. 28, 1985.

CURETON, Judge:

In these wrongful death and survivorship actions against the City of Columbia, Fannie Moore, administratrix of the estate of her son, Michael J. Moore, alleges the City violated Title 42 U.S.C. Sections 1983 and 1985 when its police officers shot and killed her son as he fled apprehension. The City demurred to the complaints on the ground they failed to state causes of action against the City. The circuit court sustained the demurrers. We affirm in part and reverse in part.

The first cause of action in the complaint for wrongful death alleges that on August 15, 1981, several Columbia Police officers, while acting under color of their authority, shot at and killed Michael Moore as he was running away from them. The complaint maintains that he was neither armed, under suspicion of having committed a crime punishable by death, nor a threat to the life or physical integrity of the pursuing officers.

Mrs. Moore's complaint further alleges the City is liable to her and Moore's other heirs at law because it failed to disseminate to rank and file police officers (as required) a September 9, 1980 executive order forbidding the use of deadly force to apprehend any person unless the person is threatening death or great bodily harm. According to her complaint, the officers involved in firing their weapons had no knowledge of the executive order. Mrs. Moore also alleges the City is liable for the death of her son because supervisory

officers on the scene either ordered or contributed to the death of Moore by their failure to enforce the written executive order.

The City's omissions and those of its officials, the complaint further alleges, were under color of City law, custom, usage or pretense, were the proximate cause or contributed to her son's death and violated his constitutional right to life secured by the laws of this State and the United States, including 42 U.S.C. Section 1983.

The second cause of action in Mrs. Moore's complaint for wrongful death alleges the City, in violation of 42 U.S.C. Section 1985(3), conspired with officials of the Columbia Police Department to refrain from disseminating the September 9th executive order for the purpose of depriving her son of his right to life and the equal protection of the laws. She alleges the result of the conspiracy was the deprivation of Moore's rights, privileges and immunities under the law.

The allegations of the two causes of action in the survivorship complaint mirror those in the wrongful death suit with the addition that recovery is sought for the extreme physical and emotional suffering her son experienced before his death.

The City demurred to both complaints on the ground they failed to state causes of action. The circuit court sustained the City's demurrer and Mrs. Moore appeals.

Prior to reviewing the action of the circuit court, we think it helpful to address the function of a demurrer.

A demurrer challenges the legal sufficiency of the pleading to which it is addressed. *H. Lightsey, South Carolina Code Pleading,* p. 217 (1976). The Supreme Court, in *Vickers v. Vickers,* 255 S. C. 25, 28, 176 S. E. (2d) 561, 562 (1970), stated that in determining the sufficiency of the pleading, "all factual allegations properly pleaded and the inferences reasonably drawn therefrom are deemed true." If a fact is well pleaded, any additional inferences of fact that may properly arise therefrom are to be regarded as embraced in the averment. *Crowe v. Domestic Loans, Inc.,* 242 S. C. 310, 313, 130 S. E. (2d) 845, 846 (1963).

Moreover, the pleading under attack must be liberally construed in favor of the pleader so that substantial justice between the parties is done. *Todd v. South*

*Carolina Farm Bureau Mutual Insurance Co.,* 276 S. C. 284, 288, 278 S. E. (2d) 607, 609 (1981); *Manning v. Dial,* 271 S. C. 79, 84, 245 S. E. (2d) 120, 122 (1978). Substantial justice is accomplished when clearly inadequate and frivolous pleadings are summarily dismissed on demurrer thereto but also when inartfully drawn but meritorious pleadings are upheld against a demurrer challenging their legal sufficiency.

In our State, the complaint is sufficient if it informs ■■ the defendant of the ultimate facts supporting each element of the cause of action; there is no necessity that the complaint state all the evidence to be presented upon the trial of the case. *Sandy Island Corp. v. Ragsdale,* 246 S. C. 414, 419, 143 S. E. (2d) 803, 806 (1965); *H. Lightsey, South Carolina Code Pleading,* p. 62 (1976). A litigant is required to plead ultimate facts — the facts which evidence upon trial will prove — not the evidence necessary to prove these facts. *Crowley v. Bob Jones University,* 268 S. C. 492, 497, 234 S. E. (2d) 879, 881 (1977).

In our application of these principles to Mrs. Moore's complaints, we hold that she has stated both a wrongful death and survivorship action based on the City's alleged violation of 42 U.S.C. Section 1983, but has failed to state such actions based on a violation of 42 U.S.C. Section 1985(3).

### A. Section 1983 Actions

In sustaining the City's demurrers to the wrongful death and survivorship actions based on Section 1983, the circuit court held that (1) Mrs. Moore failed to allege the "ordinance, regulation, custom or usage" pursuant to which the City deprived her son of his constitutional rights,[1] (2) the allegation that supervisory officers ordered or contributed to the death of her son amounted to no more than an attempt to establish the City's liability based on the doctrine of *respondeat superior* which is prohibited under *Monell v. De-*

---

[1] 42 U.S.C. Section 1983 provides:

"Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

*partment of Social Services,* 436 U. S. 658, 98 S. Ct. 2018, 56 L. Ed. (2d) 611 (1978), and (3) a wrongful death action may not be asserted against the City because of its sovereign immunity to suit for tortious conduct.

In *Monell, supra,* the United States Supreme Court held for the first time that a municipality is a "person" subject to liability under Section 1983 for violating another's federally protected rights. Although the municipality's liability cannot be asserted on the theory of *respondeat superior,* a municipality is subject to liability if by reason of its own statute, ordinance, regulation, custom or usage it deprives a person of constitutionally protected rights. *Monell,* 436 U. S. at 690-91, 98 S. Ct. at 2035-36; *Rizzo v. Goode,* 423 U. S. 362, 96 S. Ct. 598, 46 L. Ed. (2d) 561 (1976). Stated differently, a municipality may only be held liable under Section 1983 if the action complained of was taken pursuant to official policy.

The policy need not be one officially adopted and promulgated by the municipality's officials. It may be one that is "visited pursuant to governmental 'custom' even though such custom has not received formal approval through the body's official decision-making channels." *Monell,* 436 U. S. at 691, 98 S. Ct. at 2036. In other words, a municipality may be subjected to liability on the basis of its *de facto* policies as well as its *de jure* policies. *Lenard v. Argento,* 699 F. (2d) 874, 886 (7th Cir. 1983), *cert. denied* _____ U. S. _____, 104 S. Ct. 69, 78 L. Ed. (2d) 84 (1983).

The *de facto* policies of a municipality may be established in several ways. They may be established by the omissions of a municipality or supervisory officials where their unreasonable failure to make rules causes the unconstitutional conduct practiced by their employees. *Avery v. County of Burke,* 660 F. (2d) 111, 114 (4th Cir. 1981). Such omissions are actionable, however, only if they constitute "tacit authorization" of or "deliberate indifference" to constitutional violations. *Avery,* 660 F. (2d) at 114.

In addition, a pattern of official negligence gives rise to an inference that the attendant constitutional deprivations represent official policy. *See e.g., Turpin v. Mailet,* 619 F. (2d) 196 (2d Cir. 1980), *cert. denied,* 449 U. S. 1016, 101 S. Ct. 577, 66 L. Ed. (2d) 475 (1980). Official knowl-

edge of employee conduct causing constitutional violations, *Herrera v. Valentine*, 653 F. (2d) 1220 (8th Cir. 1981); *Waller v. Butkovich*, 584 F. Supp. 909 (M.D.N.C. 1984); as well as a violation occurring from a single sufficiently brutal incident, *see e.g., Owens v. Haas*, 601 F. (2d) 1242 (2d Cir. 1979), *cert. denied*, 444 U. S. 980, 100 S. Ct. 483, 62 L. Ed. (2d) 407 (1979); *Tuttle v. City of Oklahoma City*, 728 F. (2d) 456 (10th Cir. 1984), *cert. granted*, ____ U. S. ____ , 105 S. Ct. 79, 83 L. Ed. (2d) 27 (1984), raise inferences that such conduct arises from *de facto* policies of the municipality. *Wellington v. Daniels*, 717 F. (2d) 932, 935 n. 1 (4th Cir. 1983).

The crucial question is not whether the official municipal acts or policies are unconstitutional on their face; rather, the issue is whether the unconstitutional acts complained of were *caused by* a policy or custom of the municipality. *Power v. City of Chicago*, 664 F. (2d) 639, 650 (7th Cir. 1981).

In the instant case there is no question that Mrs. Moore alleges deprivation of her son's constitutionally protected right to due process of law prior to the taking of his life. The City argues and the circuit court found that she failed to allege a policy, practice or custom of the City which caused that deprivation. We disagree.

A plaintiff, suing under Section 1983, while obligated to make "[a] plain and concise statement of the facts constituting [the] cause of action," S. C. Code Ann. Section 15-13-220 (1976), is not required to set out the facts in detail. *Poole v. Combined Utility System*, 269 S. C. 271, 237 S. E. (2d) 82 (1977). To state an action, under Section 1983 against a municipality, a plaintiff is required to plead three elements: (1) an official policy or custom (2) that causes the plaintiff to be subjected to (3) a denial of a constitutional right. *Parratt v. Taylor*, 451 U. S. 527, 535, 101 S. Ct. 1908, 1912, 68 L. Ed. (2d) 420 (1981); *Batista v. Rodriquez*, 702 F. (2d) 393, 397 (2d Cir. 1983).

We hold only that liberally construing Mrs. Moore's complaints, and according them all reasonable factual inferences arising thereon with a view to doing substantial justice between the parties, the complaints, though poorly drafted, sufficiently allege Section 1983 actions.

In our view the complaints can be fairly interpreted to allege first that for some twelve months the City had a *de facto* policy or custom of failing to disseminate to its rank and file police officers an executive order ostensibly designed to protect human life. Generally, a failure to train, instruct or supervise law enforcement officials gives rise to Section 1983 liability in situations in which there is a history of constitutional deprivations by the officers. *See Wellington v. Daniels, supra; Hays v. Jefferson County,* 668 F. (2d) 869 (6th Cir. 1982); *Herrera v. Valentine, supra; Owens v. Haas, supra; Skevofilax v. Quigley,* 586 F. Supp. 532 (D.N.J. 1984).

The complaints contemplate proof that it was not simply one police officer that fired his weapon based on the City's failure to disseminate the executive order. At least three officers on the scene fired guns. In other words, Mrs. Moore alleges that the City's twelve-month persistent practice of unreasonably failing to disseminate the executive order to many of its policemen constituted tacit authorization of or deliberate indifference to the officers' use of lethal force to apprehend a person posing no threat to the officer's safety and amounted to a custom or policy of the city. *See, Avery v. County of Burke, supra.*

With respect to the element of causation, it is clear that the complaint alleges that the City's failure to instruct its officers caused Moore to be subjected to a denial of his constitutional right to due process before the taking of his life.

Secondly, we hold that Mrs. Moore's allegation that "supervisory police on the death scene ... either ordered the death or contributed to the death through their failure to enforce" the executive order alleges the City's independent liability rather than liability based on the theory of *respondeat superior* as the circuit court held.

In *Wellington v. Daniels,* 717 F. (2d) at 936, the court stated on similar facts:

> "When an official has final authority in a matter involving the selection of goals, his choices represent policy." *Bowen v. Watkins,* 669 F. (2d) [979] at 989. Since Chief Austin [Chief of Police] is responsible for the choice and implementation of police department practices and pro-

cedures, his acts and omissions reflect government policy. Therefore, municipal liability attaches to acts or omissions performed pursuant to that policy.

In *Avery v. Burke*, 660 F. (2d) at 114, and *Waller v. Butkovich*, 584 F. Supp. at 945, both the Fourth Circuit Court of Appeals and the Unites States District Court for the Middle District of North Carolina, respectively, stated that official policy may be established by the acts and omissions of supervisory officials if the *evidence* shows that the act in fact represents official policy.

Mrs. Moore having pled the ultimate fact that supervisory police ordered or contributed to her son's death should have the opportunity to prove at trial, if she can, that their acts represented City policy.

Lastly, with respect to the Section 1983 actions, the City maintains and the circuit court held that the doctrine of sovereign immunity prevents the assertion of a wrongful death action against the City. Municipal defenses, including the assertion of sovereign immunity, to a federal right of action are controlled by federal law. *Owen v. City of Independence, Missouri*, 445 U. S. 622, 647, n. 30, 100 S. Ct. 1398, 1413 n. 30, 63 L. Ed. (2d) 673 (1980). Since municipalities are included within the class of persons subject to liability for violations of Section 1983, whatever sovereign immunity they possess was abolished by Congress with the passage of the law. *Owen*, 445 U. S. at 647-48, 100 S. Ct. at 1413.

We therefore hold that the complaints alleging a violation of Title 42 U.S.C. Section 1983 state a cause of action although we "intimate no opinion as to the ultimate viability" of the claims. *Todd v. South Carolina Farm Bureau Mutual Insurance Co.*, 276 S. C. at 289.

## B. Section 1985 Actions

Both the wrongful death and survivorship complaints as-

sert that the City, in violation of 42 U.S.C. Section 1985(3),[2] conspired with the Columbia Police Department to prohibit proper communication of the City's 1980 written policy against lethal force to rank and file police officers with the result that Michael Moore was denied the equal protection of the laws, and equal privileges and immunities under the laws. The circuit court sustained the City's demurrer to these actions because the complaint (1) failed to allege a class-based deprivation of equal protection and (2) alleged a conspiracy by the City with its employees which in effect alleged a conspiracy by the City with itself.

We agree that in order to state a cause of action under ██ Section 1985(3) the plaintiff must allege invidiously discriminatory *animus. Griffin v. Breckenridge*, 403 U. S. 88, 102, 91 S. Ct. 1790, 1798, 29 L. Ed. (2d) 338 (1971); *A & A Concrete, Inc. v. White Mountain Apache Tribe*, 676 F. (2d) 1330, 1333 (9th Cir. 1982). The complaints clearly fail to identify any discriminatory motive for the deprivation of equal protection. For this reason, the complaints fail to state a Section 1985 action.

## Conclusion

For the reasons given herein, the judgment of the circuit court sustaining the City's demurrers to the causes of action alleging a violation of 42 U.S.C. Section 1983 is reversed. The court's judgment sustaining the City's demurrers to the causes of action alleging a violation of 42 U.S.C. Section 1985(3) is affirmed.

Affirmed in part and reversed in part.

SHAW and BELL, JJ., concur.

---

[2] 42 U.S.C. Section 1985(3) provides in relevant part:

"If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws ... in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators."