## 22516

In re ESTATE OF Clarence Lindon MERCER, Deceased. Ex parte Carol Ann MERCER, Executrix of the Estate of Clarence Lindon Mercer, Appellant v. Della Ann Lambert BRYANT, Benjamin Bell Lambert, Jr., Tracy Marie Lambert, and Linda Kay Mercer Taylor, Respondents, of whom Della Ann Lambert Bryant, Benjamin Bell Lambert, Jr., Tracy Marie Lambert are Appellants, and Linda Kay Mercer Taylor is a Respondent. Ex parte Linda Mercer TAYLOR and Lavonia D. Perry, Respondents v. Carol Ann MERCER, Executrix and Primary Heir of the Estate of Clarence Lindon Mercer, and Della Ann Lambert Bryant, Benjamin Bell Lambert, Jr., and Tracy Marie Lambert, as Secondary Heirs of Clarence Lindon Mercer, Appellants.

(342 S. E. (2d) 591)

---

*H. E. Bonnoitt, Jr.,* Georgetown, *for appellant.*

*John R. Clarke* and *Stephen H. John, Law Offices of John R. Clarke,* North Myrtle Beach, *for respondents.*

Heard March 11, 1986.

Decided March 31, 1986.

HARWELL, Justice:

Clarence Lindon Mercer (decedent) executed a will on May 17, 1977 leaving his entire estate to his daughter, Linda Mercer Taylor. The decedent married Lavonia Perry on October 14, 1977. They separated on November 11, 1977 and

executed a property settlement agreement on February 18, 1978. The decedent received a Haitian divorce from Lavonia Perry on February 23, 1978 with her consent and cooperation. The decedent married Carol Saxon on May 27, 1979. Subsequently, the decedent and Carol Saxon Mercer executed a joint and mutual will in which they left their entire estate to each other in fee simple with a residuary clause leaving the estate of the survivor to the decedent's daughter and Carol Saxon Mercer's three children, share and share alike. The decedent died on August 19, 1982.

The probate court found that since the decedent resided and was domiciled in South Carolina at the time of his Haitian divorce, the divorce was void pursuant to S. C. Code Ann. §§ 20-3-420 and 20-3-430 (1976). The probate court concluded that since the decedent's divorce was invalid, his subsequent marriage to Carol Saxon Mercer was bigamous and void. The probate court held that the mutual will of the decedent and Carol Saxon Mercer was valid, but that she could only take one-fourth (¼) of the estate pursuant to S. C. Code Ann. § 21-7-480 (1976). The probate court determined that the remaining three-fourths (¾) would pass under the residuary clause and be distributed in equal portions to the four children.

When the matter was heard in the circuit court, Carol Saxon Mercer claimed that the probate court lacked jurisdiction to determine the validity of her marriage, and further that S. C. Code Ann. § 21-7-480 (1976) was unconstitutional. Linda Mercer Taylor and Lavonia Perry claimed that the probate court erred in failing to address Lavonia Perry's dower right, and in finding that the residuary clause in the mutual will was valid.

The circuit court found that the probate court had the collateral authority to determine the validity of the divorce since that was a necessary step in determining the true heirs of the estate. We agree. *Jackson v. Cannon*, 266 S. C. 198, 222 S. E. (2d) 494 (1976); *Ex Parte Blizzard*, 185 S. C. 131, 193 S. E. 633 (1937). S. C. Code Ann. § 14-23-1150(a) (Supp. 1985). The circuit court found that Lavonia Perry would have been entitled to dower since her husband died before May 22, 1984. *Boan v. Watson*, 281 S. C. 516, 316 S. E. (2d) 401 (1984). Based on the property settle-

ment agreement and her consent to the Haitian divorce, however, the circuit court correctly determined that Lavonia Perry is estopped from claiming any dower interest.

The pivotal issue in this case is the constitutionality of S. C. Code Ann. § 21-7-480 (1976). This section provides:

> If any person who is an inhabitant of this State or who has any estate therein shall *beget* any bastard child or shall *live in adultery with a woman*, such person *having a wife* or lawful children of *his* own living, and shall give, by legacy or devise, for the use and benefit *of the woman with whom he lives in adultery* or of *his bastard child or children*, any larger or greater proportion of the real clear value of *his estate*, real or personal, after paying of *his debts* than one-fourth part thereof, such legacy or devise shall be null and void for so much of the amount or value thereof as shall or may exceed such fourth part of *his real and personal estate*. (Emphasis added.)

Appellant contends that this statute violates the equal protection clause of the Fourteenth Amendment to the United States Constitution. We agree.

It is clear that this statute applies only to men. Classifications by gender must serve important governmental objectives and must be substantially related to achievement of those objectives. *Orr v. Orr*, 440 U. S. 268, 99 S. Ct. 1102, 59 L. Ed. (2d) 306 (1979). The statute in question, which was enacted in 1795, gave rights to a lawful wife at a time when "she labored under the many burdens of coverture which placed her person and property very effectively in the control of her husband." *Boan v. Watson*, 281 S. C. 516, 518, 316 S. E. (2d) 401, 402 (1984). Today, these burdens of coverture no longer exist.

The objective of the statute was "to prevent a man who had forgotten his domestic duties, from squandering his property upon the object of his perverted affections, to the wrong and injury of his family, and by depriving him of the means of rewarding the associates of his vitiated appetites, or providing for their progeny, to discourage both him and them from entering into such immoral and pernicious con-

nexions." *Hull v. Hull*, 21 S. C. Eq. (2 Strob. Eq.) 174, 188 (1848). No important governmental objective has been suggested and this Court can discern none which can be achieved by restraining only the husband in his right to deal with his property without similarly restricting the wife.

The United States Supreme Court consistently has struck down gender based classifications that fail to relate to and serve important governmental objectives. *E.g., Wengler v. Druggist Mutual Insurance Company*, 446 U. S. 142, 100 S. Ct. 1540, 64 L. Ed. (2d) 107 (1980); *Orr v. Orr*, 440 U. S. 268, 99 S. Ct. 1102, 59 L. Ed. (2d) 306 (1979); *Califano v. Goldfarb*, 430 U. S. 199, 97 S. Ct. 1021, 51 L. Ed. (2d) 270 (1977); *Stanton v. Stanton*, 421 U. S. 7, 95 S. Ct. 1373, 43 L. Ed. (2d) 688 (1975). South Carolina's court and legislature have done likewise. *E.g., Boan v. Watson*, 281 S. C. 516, 316 S. E. (2d) 401 (1984); *Wilson v. Jones*, 281 S. C. 230, 314 S. E. (2d) 341 (1984); *Glass v. Glass*, 276 S. C. 625, 281 S. E. (2d) 221 (1981). S. C. Code Ann. §§ 20-3-120 and 20-3-130 (1976, as amended). If our legislature feels that the protection offered by this statute is needed for spouses of both sexes, it certainly has the power to enact gender neutral legislation to that effect.

Additionally, the United States Supreme Court has struck down discriminatory laws relating to the status of birth where the classification is not justified by any legitimate state interest. *E.g., Trimble v. Gordon*, 430 U. S. 762, 97 S. Ct. 1459, 52 L. Ed. (2d) 31 (1977); *Weber v. Aetna Casualty & Surety Company*, 406 U. S. 164, 92 S. Ct. 1400, 31 L. Ed. (2d) 768 (1972); *Graham v. Richardson*, 403 U. S. 365, 91 S. Ct. 1848, 29 L. Ed. (2d) 534 (1971). This Court has done likewise. *E.g., Wilson v. Jones*, 281 S. C. 230, 314 S. E. (2d) 341 (1984).[1] The state's interest in the sanctity of marriage is not substantially related to limiting the inheritance rights of a certain class of illegitimate children. "Obviously no child is responsible for his birth and penalizing the illegitimate

---

[1] In *Wilson*, we held that S. C. Code Ann. § 21-3-30 (1976) was unconstitutional pursuant to *Trimble v. Gordon*, 430 U. S. 762, 97 S. Ct. 1459, 52 L. Ed. (2d) 31 (1977) because it allowed illegitimate children to inherit only from their mothers' estates. The continued application of S. C. Code Ann. § 21-7-480 (1976) would lead to the absurd result of allowing an illegitimate child full inheritance rights in his father's estate if the father dies intestate, but limiting him to one-fourth (¼) of the estate if his father leaves a will.

child is an ineffective — as well as an unjust — way of deterring the parent." *Weber*, 406 U. S. at 175, 92 S. Ct. at 1407, 31 L. Ed. (2d) at 779. *See also, Succession of Robins*, 349 So. (2d) 276 (La. 1977).

We hold that S. C. Code Ann. § 21-7-480 (1976) is unconstitutional in its entirety because it violates the equal protection clause of the United States Constitution. Mindful of the rights of persons affected by the statute on the one hand, and the need for the orderly probate of estates in South Carolina on the other, we hold S. C. Code Ann. § 21-7-480 (1976) to be inapplicable to the estates of those persons dying on or after August 19, 1982. Carol Saxon Mercer therefore may inherit the estate as directed in the decedent's will.[2]

We affirm the circuit court's order on all remaining issues.

Affirmed in part and reversed in part.

NESS, C. J., and GREGORY, CHANDLER and FINNEY, JJ., concur.

---

[2] Even though Carol Saxon Mercer was referred to as the wife of the testator in the will, this reference was merely a means of identification and does not prevent her from taking under the will.