803 F.2d 713
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Lillie R. HILL, Administratrix of the Estate of Michael T.
Hill, Deceased, as Administratrix, and on her own behalf,
and as Guardian on behalf of Michael T. Hill's minor sons,
Marquis Maurice Suber and Antoine Suber, Appellant,
v.
Sam WATTS, officially, The Fountain Inn Police Department,
The Town of Fountain Inn, a municipal corporation,
Appellees.
 No. 85-1517.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 5, 1986.
Decided Oct. 14, 1986.
 
 Fletcher N. Smith, Jr. for appellant.
 James D. Brice (Frank H. Gibbes, III, Rainey, Britton, Gibbes & Clarkson, P.A., Baety O. Gross, Paul E. Gault, Jr., Gross and Gault, T. Travis Medlock, Attorney General, Kenneth P. Woodington, Senior Assistant Attorney General, on brief), for appellees.
 D.S.C.
 AFFIRMED.
 Before RUSSELL, HALL and ERVIN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Lillie R. Hill appeals from judgments entered in favor of appellees Sam Watts, the Town of Fountain Inn and the State of South Carolina. Appellant brought suit in the district court claiming damages under 42 U.S.C. Secs. 1983, 1985, 1986 and 1988 (1982) for alleged deprivations of constitutional rights[1] and challenging the constitutionality of S.C. Code Ann. Sec. 17-13-20 (1976). The district court granted summary judgment in favor of appellees. We affirm.
 
 I.
 
 2
 This suit arises out of the fatal shooting of Michael T. Hill in October 1981 by Sam Watts, a police officer for the Town of Fountain Inn, South Carolina. While on patrol, Officer Watts encountered Hill and, after a verbal confrontation, attempted to arrest Hill for disorderly conduct. Hill resisted and a fight ensued. At some point, Hill fled. Believing that Hill had assaulted him with the intent to kill, Officer Watts sought to apprehend Hill as a fleeing felon, shooting Hill twice in the back as he fled.[2]
 
 
 3
 These same events gave rise to a prior suit. Hill v. Watts, No. 82-50-14 (D.S.C. Feb. 10, 1983), aff'd, No. 83-1078 (4th Cir. Jan. 6, 1984). In the prior suit, Lillie Hill, Michael Hill's mother, sued as administratrix of his estate, claiming damages under 42 U.S.C. Secs. 1983, 1985 and 1988 for alleged deprivations of his constitutional rights. As defendants, she named Officer Watts, in his individual and official capacities; W.K. Jordan, individually and in his official capacity as the Chief of Police of the Town of Fountain Inn; the Fountain Inn Police Department; and the Town of Fountain Inn. The district court dismissed Jordan as a defendant and granted summary judgment in favor of the police department and the town. After a trial on the issue of whether Officer Watts had violated Sec. 1983, the jury returned a verdict in his favor. On appeal, this court affirmed. Hill v. Watts, No. 83-1078 (4th Cir. Jan. 6, 1984).
 
 
 4
 Subsequently, Lillie Hill brought the present suit. As defendants, she named Officer Watts, individually and officially,[3] the Fountain Inn Police Department,[4] the Town of Fountain Inn and the State of South Carolina.[5] Again, she sued on behalf of Michael Hill's estate, as administratrix, under Sec. 1983 for alleged deprivations of his constitutional rights. In addition, she sued in her individual capacity under Sec. 1983 for the deprivation of her constitutional right, as a parent, to the continued association with her child, Michael Hill. As their guardian ad litem, she also sued under Sec. 1983 on behalf of Michael Hill's alleged, minor, illegitimate children, marquis and Antoine Suber, for the deprivation of their constitutional right to continued association with their parent, Michael Hill. Finally, the complaint challenged the constitutionality of S.C. Code Ann. Sec. 17-13-20 (1976), which authorizes the use of deadly force to apprehend a suspected fleeing felon.[6]
 
 
 5
 The district court granted summary judgment in favor of defendants based primarily on principles of res judicata and collateral estoppel, concluding that the prior suit precluded recovery in the present suit. Hill v. Watts, No. 85-371-14 (D.S.C. May 22, 1985). This appeal followed.
 
 II.
 
 6
 In both the prior suit and the present suit, Mrs. Hill sued as administratrix of Michael Hill's estate for violations of Sec. 1983. However, Sec. 1983 does not specify what remedies are available under such a claim. When Sec. 1983 is thus "deficient," Sec. 1988 provides that "suitable remedies" are governed by state law unless inconsistent with the constitution and federal laws. See Robertson v. Wegmann, 436 U.S. 584, 587 (1978). Pursuant to this scheme, Mrs. Hill sought remedies in both suits under South Carolina law. In the present suit, she sought remedies under South Carolina's Wrongful Death Act, S.C. Code Ann. Secs. 15-51-10 to -60 (1976), for the wrongful killing of Michael Hill and under South Carolina's survival statute, S.C. Code Ann. Sec. 15-5-90 (1976), for injuries suffered by Michael Hill before his death. The district court found that she had litigated an identical claim in the prior suit and, thus, that Mrs. Hill's claims as administratrix in the present suit were barred by res judicata. We agree.
 
 
 7
 Under the doctrine of res judicata, a judgment rendered in a prior suit bars another suit by the same parties or their privies on claims that were or could have been raised in the prior suit. See Sea-Land Services, Inc. v. Gaudet, 414 U.S. 573, 578-79 (1974); Adkins v. Allstate Insurance Company, 729 F.2d 974, 976 (4th Cir.1984). Res judicata is applicable to Sec. 1983 actions. See Allen v. McCurry, 449 U.S. 90 (1980). Thus, if Mrs. Hill sued as administratrix in the prior suit under Sec. 1983 pursuing wrongful death and survival remedies, such a claim is barred in the present suit.
 
 
 8
 Mrs. Hill concedes that she pursued a survival remedy in the prior suit. The survival remedy in the present suit, therefore, is barred. She argues, however, that a wrongful death remedy was not pursued in the prior suit and is not barred. To support her position, she relies on South Carolina law.
 
 
 9
 South Carolina favors separate suits for wrongful death and survival claims arising out of the same events. Accordingly, res judicata does not bar a suit for wrongful death when a survival claim has been brought in a prior suit. See Deaton v. Gay Trucking, 275 F. Supp. 750, 753 (D.S.C. 1967) (applying South Carolina law and citing Bennett v. Spartanburg Railway, Gas and Electric Company, 97 S.C. 27, 81 S.E. 189 (1914). But see Restatement (Second) of Judgments Sec. 47 (1982) (suggesting contrary rule). In effect, Mrs. Hill argues that not only did she not pursue a wrongful death remedy in the prior suit, she could not have pursued such a remedy.
 
 
 10
 We reject her arguments. Initially, we note that South Carolina's rules of res judicata are not applicable to this case. Whether a suit in the federal courts, pursuant to federal Question jurisdiction, is barred by a like, prior suit is a question of federal law. See Roach v. Teamsters, 595 F.2d 446, 448 n.3 (8th Cir.1979); Aerojet-General Corporation v. Askew, 511 F.2d 710, 715 (5th Cir.1975). In contrast, state law governs whether a federal suit is barred by a prior state suit. See Allen v. McCurry, 449 U.S. at 95. Thus, federal rules of res judicata govern this case. Furthermore, we conclude that Mrs. Hill pursued a wrongful death remedy in the prior suit, as well as a survival remedy. The complaint stated that Michael Hill had lost "future earnings" and claimed damages for his "wrongful death." Moreover, the jury was instructed on wrongful death damages. Accordingly, the wrongful death remedy in the present suit is barred by res judicata.[7] We affirm the district court's grant of summary judgment in favor of Officer Watts and the Town of Fountain Inn on Mrs. Hill's claims as administratrix under Sec. 1983.
 
 III.
 
 11
 The district court granted summary judgment against Mrs. Hill individually on her claim under Sec. 1983 for the deprivation of her right to continued association with Michael Hill. Applying South Carolina law pursuant to Sec. 1988, the district court apparently reasoned that Mrs. Hill's only remedy was that afforded by South Carolina's wrongful death act. A parent cannot recover under the act if children of the deceased are living. See S.C. Code Ann. Sec. 15-51-20 (1976). Because Michael Hill allegedly had living children, the district court concluded that Mrs. Hill could not recover under the wrongful death act and, thus, could not recover under Sec. 1983. We agree that Mrs. Hill may not maintain her individual claim in the present suit, but we base our decision on grounds different from those of the district court.
 
 
 12
 Mrs. Hill argues that she should be allowed to maintain her individual claim notwithstanding South Carolina law. First, she asserts that she has a constitutional right, as a parent, to the continued association with her child, Michael Hill. Furthermore, she notes that federal law, under Sec. 1983, provides for recovery by individuals for the deprivation of their constitutional rights. Assuming that the application of South Carolina's wrongful death act pursuant to Sec. 1988 precludes recovery by her under Sec. 1983 for the deprivation of her right to continued association, she argues that South Carolina law is, therefore, inconsistent with federal law. Because Sec. 1988 provides that state law is inapplicable when inconsistent with federal law, she concludes that South Carolina's wrongful death act is inapplicable in governing her remedy under Sec. 1983. Instead, she argues that federal law controls, which should be interpreted to allow her claim. We recognize that there is authority for her position. See, e.g., Bell v. City of Milwaukee, 746 F.2d 1205, 1242-53 (7th Cir.1984). However, because we find that her claim is barred by res judicata, we do not reach the questions of whether Mrs. Hill had a constitutional right, as a parent, to continued association with her child[8] or whether her remedies under Secs. 1983 and 1988 for the deprivation of that right would be controlled by state or federal law.
 
 
 13
 Although granting summary judgment against Mrs. Hill on her individual claim, the district court declined to base its ruling on res judicata. The district court noted that she sued in a representative capacity, as administratrix, in the prior suit while she sued in her individual capacity on her right to continued association claim in the present suit. Therefore, the court concluded that there was no privity of parties in the two suits and, thus, res judicata was not applicable.
 
 
 14
 It is true that under general principles of res judicata, a "judgment rendered in one suit has no conclusive force in the other, if the person is a party to one suit solely as an individual, and is a party to the other solely in his [representative] capacity." 1B J. Moore, Moore's Federal Practice, p 0.411, at 436 (2d ed. 1984). In the prior suit, however, Mrs. Hill was a statutory beneficiary of the wrongful death act under which she pursued a Sec. 1983 remedy as administratrix. See S.C. Code Ann. Sec. 15-51-20 (1976). Thus, her interests were represented in the prior suit as well as the present suit, establishing privity. Accordingly, she is barred by res judica from bringing her right to continued association claim in the present suit, a claim which could have been brought in the prior suit.[9] See Taylor v. Anderson, 303 F.2d 546, 549 (4th Cir. 1962); see also Restatement (Second) of Judgments, supra, Sec. 41. This result is consistent with the underlying rationale of res judicata which is " 'based largely on the ground that fairness to the defendant, and sound judicial administration, require that at some point litigation over the particular controversy come to an end." ' Adkins v. Allstate Insurance Company, 729 F.2d at 976 (quoting Restatement (Second) of Judgments, supra, Sec. 19 comment a). We affirm the district court's grant of summary judgment in favor of Officer Watts and the Town of Fountain Inn on Mrs. Hill's individual claim under Sec. 1983 for the deprivation of her constitution right to continued association with Michael Hill.
 
 IV.
 
 15
 In the present suit, Mrs. Hill, as guardian ad litem, sued on behalf of Michael Hill's alleged, illegitimate children for the deprivation of their constitutional right to continued association with their father, Michael Hill. The district court concluded that the doctrine of collateral estoppel precluded recovery under this claim. Under collateral estoppel, when an issue is determined in a prior suit, the issue cannot be relitigated in a subsequent suit by the same parties or their privies on the same or a different claim. See Allen v. McCurry, 449 U.S. at 94; Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 (1979); Restatement (Second) of Judgments, supra, Sec. 27. In the prior suit, the issue of whether Officer Watts wrongfully killed Michael Hill was determined against Mrs. Hill, as administratrix. Finding this issue essential to the children's claim in the present suit, the district court concluded that the prior determination was fatal to their claim. We agree.
 
 
 16
 The prior suit is conclusive against the children under collateral estoppel, or res judicata, only if their interests were represented in the prior suit and, thus, they were in privity with the plaintiff in the prior suit. Their interests were represented if they were statutory beneficiaries in the prior suit. See Taylor v. Anderson, 303 F.2d at 549; see also Restatement (Second) of Judgments, supra, Sec. 41.
 
 
 17
 Under South Carolina's wrongful death act, "children " of the decedent are statutory beneficiaries. See S.C. Code Ann. Sec. 15-51-20 (1976). Illegitimate children, however, may not recover under the act for the death of their father. See S.C. Code Ann. Sec. 15-51-30 (1976) (providing for recovery by illegitimate child for death of mother but not for death of father); Op. S.C. Att'y Gen. No. 80-99 p. 151 (1980) (opining that the act prohibits "an illegitimate child from sharing in the recovery of the benefits of a wrongful death action for the death of his father"),
 
 
 18
 Although South Carolina's wrongful death statute prohibits recovery by illegitimate children from their father, that provision was rendered unconstitutional by the Supreme Court's decision in Trimble v. Gordon, 430 U.S. 762 (1977). In Trimble, the Court held that a state statute which denies illegitimate children the right to inherit from their putative father, without giving the child the opportunity to establish paternity, unconstitutionally discriminates against illegitimate children. Similarly, South Carolina's wrongful death act is unconstitutional and the state must give illegitimates the opportunity to prove paternity, and thus, recover in a wrongful death action. See Op. S.C. Att'y Gen. No. 80-99, p. 151 (1980) (opining that South Carolina's wrongful death act "which has the effect of totally prohibiting an illegitimate child from sharing in the recovery benefits of a wrongful death action for the death of his father... is violative of the equal protection clause of the Fourteenth Amendment, " following Trimble). Cf. Wilson v. Jones, 281 S.C. 230, 341 (1984) (holding unconstitutional South Carolina's prior intestacy statute, S.C. Code Ann. Sec. 21-3-30 (1976), which prohibited inheritance by illegitimates from their putative father, following Trimble). Accordingly, the illegitimate children here could have sought a share of any wrongful death recovery in the prior suit. Therefore, their interests were represented in the prior suit. Because they already have had a full and fair opportunity to litigate the issues raised by them in the present suit, they are barred by collateral estoppel from maintaining their claim for deprivation of their constitutional right to continued association with Michael Hill.[10]
 
 V.
 
 19
 The district court concluded that the issue of the constitutionality of South Carolina's fleeing felon statute, S.C. Code Ann. Sec. 17-13-20, was determined in the prior suit and, therefore, collateral estoppel precluded challenging the statute's constitutionality in the present suit. In the prior suit, the constitutionality of the statute was not challenged directly. Instead, Mrs. Hill, as administratrix, relied on the alleged unconstitutionality of the statute to substantiate her argument that the town had a policy or custom, pursuant to the statute, the execution of which violated Sec. 1983.[11] Rejecting Mrs. Hill's argument, the district court granted summary judgment in favor of the town. Although the record is somewhat unclear, the court apparently based that ruling on either a determination that the statute was not unconstitutional or a determination that, aside from its constitutionality, the statute did not provide evidence of a custom or policy of the town.
 
 
 20
 On appeal, we affirmed the grant of summary judgment in favor of the town. We rejected Mrs. Hill's argument that the statute evidenced a policy or custom of the town. See Hill v. Watts, No. 83-1078, slip op. at 4 n.3 (4th Cir. Jan. 6, 1984) ("statute is permissive not directive '). We, however, did not reach the question of whether the South Carolina fleeing felon statute is constitutional. See id. at Sec. n.5.
 
 
 21
 Thus, even if the district court determined the constitutionality of the statute in the prior suit, we affirmed without passing on that issue. When a judgment is appealed, collateral estoppel conclusively establishes only those issues specifically passed upon by the appellate court. See International Refugee Organization v. Republic S.S. Corp., 189 F.2d 858, 862 (4th Cir.1951); Hicks v. Quaker Oats Company, 662 F.2d 1158, 1168 (5th Cir.1981); 1B J. Moore, supra, p 0.416 , at 518. Nevertheless, because appellants cannot recover on their Sec. 1983 claims, there are no grounds on which they can independently challenge the constitutionality of the statute. We, therefore, affirm the district court's judgment regarding the claim challenging the constitutionality of S.C. Code Ann. Sec. 17-13-20.
 
 
 22
 AFFIRMED.
 
 
 
 [1]
 Appellant does not pursue the claims under 42 U.S.C. Secs. 1985 and 1986 on appeal
 
 
 [2]
 Officer Watts justified his actions under S.C. Code Ann. Sec. 17-13-20 (1976), which provides:
 Any citizen may arrest any person in the nighttime by such efficient means as the darkness and the probability of escape render necessary, even if the life of such person should be thereby taken, when such person (a) has committed a felony, (b) has entered a dwelling house with evil intent, (c) has broken or is breaking into an outhouse with a view to plunder, (d) has in his possession stolen property or (e) being under circumstances which raise just suspicion of his design to steal or to commit some felony, flees when he is hailed.
 
 
 [3]
 Appellant later withdrew the claims against Officer Watts in his individual capacity
 
 
 [4]
 Appellant does not appeal the district court's judgment regarding the Fountain Inn Police Department. The police department is not chartered separately from the Town of Fountain Inn; it is operated, financed and controlled by the town
 
 
 [5]
 The district court granted summary judgment in favor of the State of South Carolina, regarding appellant's Sec. 1983 claim, on the basis of the eleventh amendment, U.S. Const. amend. XI. Appellant does not appeal that ruling. The state is a party to this appeal only to the extent that appellant appeals the district court's ruling regarding appellant's challenge to the constitutionality of S.C. Code Ann. Sec. 17-13-20 (1976)
 
 
 [6]
 See supra note 2
 
 
 [7]
 Even if South Carolina's rules of res judicata applied, the result would be the same. While South Carolina favors separate suits for wrongful death and survival claims arising out of the same events, the claims may be tried together by consent of the parties. See Deaton v. Gay Trucking Co., 275 F. Supp. at 753; see also Moore v. City of Columbia, 284 S.C. 278, 326 S.E.2d 157 (1985). Both the wrongful death and survival remedies were pursued in the prior suit without objection by the parties and, therefore, consent was implicit. After the parties consented, South Carolina's rules of res judicata regarding these claims were inapplicable. The federal principles of res judicata applicable to this case are mirrored by South Carolina law. See Watkins v. M. & M. Tank Lines, Inc., 694 F.2d 309, 311 (citing Mackey v. Frazier, 234 S.C. 81, 86, 106 S.E.2d 895, 899 (1959)
 This case does not present the question of whether the wrongful death remedy would have been barred in the present suit if only the survival remedy had been pursued in the prior suit. We accordingly do not reach that question.
 
 
 [8]
 The Supreme Court has not addressed whether a parent has a constitutional right to continued association with his child. Such a right, also sometimes denominated as a right to parenthood, has been recognized in some circuits under varying circumstances. See, e.g., Bailey v. County of York, 768 F.2d 503, 509 (3d Cir.1985); Bell v. City of Milwaukee, 746 F.2d 1205, 1244-45 (7th Cir.1984); Kelson v. City of Springfield, 767 F.2d 651, 655 (9th Cir.1985); Trujillo v. Board of County Commissioners, 769 F.2d 1186, 1189 (10th Cir.1985)
 
 
 [9]
 Some authorities apparently would preclude recovery under these circumstances by applying collateral estoppel rather than res judicata. The issue of whether Officer Watts wrongfully killed Michael Hill was decided against Mrs. Hill in her representative capacity in the prior suit. That issue is also essential to Mrs. Hill's individual claim in the present suit. Accordingly, some authorities would apply collateral estoppel to preclude the relitigation of an issue determined in a prior suit. See 1B J. Moore, supra, p 0.411 [3.-2], at 434-36 (citing exemplary cases)
 
 
 [10]
 Because we conclude that the children's interests were represented in the prior suit under the wrongful death remedy, it is unnecessary to reach the question of whether their interests were represented under the survival remedy
 We also do not reach the question of whether the children have a constitutional right to continued association with their father.
 
 
 [11]
 Municipal liability under Sec. 1983 can only be imposed for injuries inflicted pursuant to government "Policy or custom." Monell v. Department of Social Services, 436 U.S. 658, 694 (1978)