22937

Joseph MITCHELL, Appellant v. Ophilia Eady HARDWICK and Sylvia Eady, Respondents.

(374 S. E. (2d) 681)

Supreme Court

*R. Thayer Rivers, Jr.*, Ridgeland, *for appellant.*

*Darrell Thomas Johnson* and *Cornelius J. Riley*, Hardeeville, *for respondents.*

Heard Oct. 17, 1988.

Decided Dec. 12, 1988.

TOAL, Justice:

This case involves the right of an illegitimate child to inherit from his father.

Hue Eady died intestate on July 18, 1975. At the time of his death, Mr. Eady owned several parcels of land in Jasper County totalling approximately 130 acres. Surviving him as heirs at law were two adopted daughters. In August 1984, appellant, Joseph Mitchell, petitioned the lower court for the partition of the estate property on the grounds that he is the illegitimate son of Eady.

The evidence is undisputed that Mitchell is the son of Eady. Mitchell stated that he lived with Eady part of the time during junior high school and almost all of the time during high school. Eady's brother, aunt and cousin testified that Mitchell was the son of Eady. In addition, the evidence reveals that during his lifetime, Eady deeded some property to Mitchell. The deed recorded May 3, 1974, specifically states that the property is given "for and in consideration of the sum of Five ($5.00) Dollars, love and affection to me paid by my son, Joseph Mitchell. . . ." Finally, the witnesses and the court noted the striking physical resemblance between Mitchell and Eady.

In *Trimble v. Gordon*, 430 U. S. 762, 97 S. Ct. 1459, 52 L. Ed. (2d) 31 (1977), the United States Supreme Court held that statutes which prohibit an illegitimate child from inheriting from his father's estate violate the constitutional guarantee of equal protection. In *Wilson v. Jones*, 281 S. C. 230, 314 S. E. (2d) 341 (1984), this court held that, pursuant to *Trim-*

*ble*, the limitation in S. C. Code Ann. § 21-3-30 allowing illegitimate children to inherit only from their mothers' estates was violative of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. We held that *Trimble* would be given prospective effect only and that only those illegitimate children whose fathers died after April 26, 1977, the date of the *Trimble* decision, may inherit from their father's estate. We reasoned that "retroactive application of *Trimble* would disrupt the orderly process of probate." 314 S. E. (2d) at 343. Therefore, pursuant to *Wilson*, the lower court held that Mitchell could not inherit from his father's estate because his father died prior to April 26, 1977.

The dispositive issue is whether the prospective only application enunciated in *Wilson* should be modified to allow limited retroactive application where certain factors are met. We find highly persuasive two recent decisions in West Virginia and Tennessee which specifically address this issue.

In *Williamson v. Gane*, 345 S. E. (2d) 318 (W. Va. 1986), the Supreme Court of Appeals modified its former prospective only application and held that the *Trimble* decision would be given limited retroactive application:

> "Where there has been no justifiable and detrimental reliance upon the law invalidated therein; where the subject property has not been transferred to an innocent purchaser for value; or where the estate administration is subject to further resolution."

*Id.* at 322.

After noting that the main argument against retroactivity is disruption of the probate process, the West Virginia court reasoned that "retroactivity may be extended ... in a way that justly and fairly reconciles the constitutional interests in equality recognized in the new rule of law with reliance and finality interests founded upon the former law." *Id.* at 320.

Similarly, in *Marshall v. Marshall*, 670 S. W. (2d) 213 (Tenn. 1984), the Tennessee Supreme Court allowed limited retroactive application of its decision allowing illegitimate children to inherit from the father's estate where the relationship was proven by clear and convincing evidence. The court reasoned that "retroactive application of a decision

overruling an earlier decision ordinarily is denied only if such an application would work a hardship upon those who have justifiably relied upon the old precedent."

As noted in *Wilson*, the major arguments advanced against retroactive application are the disruption of the orderly probate process, the difficulty of proving paternity, and the denial of rights of those who have detrimentally relied upon the old law. We now hold that the *Wilson* opinion is hereby modified to allow retroactive application of the *Trimble* decision in the limited circumstances where the following conditions are met: (1) innocent persons will not be adversely affected because of their detrimental reliance on the old rule; (2) the paternity of the child has been conclusively established either by court order or decree issued prior to the death of the father or by an instrument signed by the father acknowledging paternity; and (3) the estate administration is subject to further resolution.

In the case at bar, all three conditions are satisfied. No innocent persons have detrimentally relied on the old rule. The parcel of land has not been separated since the death of Mr. Eady. None of the land has been sold; and, therefore, no innocent purchasers of value are involved. Secondly, the deed from Mr. Eady to Joseph Mitchell, signed and recorded before Mr. Eady's death, specifically acknowledges the parent-child relationship. Thirdly, the estate has never been formally probated and, therefore, the disruption of the probate process would not occur in this situation.

It should be noted that an examination of the transcript in *Wilson* reveals that at least two of these conditions were not satisfied in that case. In *Wilson*, a portion of the estate property had been sold and, therefore, innocent purchasers of value would have been potentially affected; and the paternity of the children was not conclusively established by a pre-death court order or a writing by the father. Therefore, the case at bar may be distinguished from *Wilson*.

For the foregoing reasons, the lower court is

Reversed.

GREGORY, C. J., and HARWELL, CHANDLER and FINNEY, JJ., concur.