Cecil PENDLETON

v.

**Bee PENDLETON et al., Appellees.**

Supreme Court of Kentucky.

Oct. 7, 1977.

As Modified On Denial of Rehearing
Jan. 10, 1978.

William C. Jacobs, Lexington, for appellant.

Edward P. Roark, Lancaster, for appellees, Bee Pendleton, Jesse Pendleton and Frances Pendleton.

Scotty Baesler, Lexington, for appellees, Carroll G. Cole and I. W. Smith.

Phillip D. Scott, McDonald, Alford & Roszell, Lexington, for appellee, Marathon Oil Co.

PALMORE, Justice.

In *Pendleton v. Pendleton,* Ky., 531 S.W.2d 507 (1975), this court affirmed a judgment of the Fayette Circuit Court dismissing the complaint in this proceeding. On May 16, 1977, having theretofore granted certiorari, the Supreme Court of the United States vacated the judgment [sic] of this court and remanded the case for further consideration in light of *Trimble v. Gordon,* 430 U.S. 762, 97 S.Ct. 1459, 52 L.Ed.2d 31 (decided on April 26, 1977).

Count 1 of the complaint was dismissed on the ground of improper venue, and to the extent that our decision affirmed that aspect of the judgment it is not affected by this review.

Count 2 sought to establish an ownership interest in real property located in Fayette County. Because the claim was based on inheritance by an illegitimate child from his father we held that it did not entitle the plaintiff to relief. In reaching that conclusion we observed that the United States Supreme Court in *Labine v. Vincent,* 401 U.S. 532, 91 S.Ct. 1017, 28 L.Ed.2d 288 (1971) and *Gomez v. Perez,* 409 U.S. 535, 93 S.Ct. 872, 35 L.Ed.2d 56 (1973), appeared to be speaking with a forked tongue, but as *Gomez* had conspicuously omitted any mention of *Labine* we felt obliged to regard *Labine* as still alive, preferring to let the Supreme Court resolve the anomaly rather than strike down a Kentucky statute on the strength of a guess that might prove to be wrong. So, too, had the Supreme Court of

Illinois relied on *Labine* in its decisions [1] leading up to *Trimble,* in which the statutory law of Illinois allowing an illegitimate child to inherit from its mother but not from its father was held to be in violation of the Equal Protection Clause of the 14th Amendment.

■ The *Trimble* opinion does mention *Gomez* with approval, and chides *Labine* as having left "the constitutional analysis incomplete," but still it shrinks from overruling *Labine,* perhaps imparting to its own decisions, legitimate or illegitimate, the same equality the 14th Amendment guarantees to persons. In any event, whether *Labine* is left hanging like a withered arm or has actually been cut off and replaced by an unaccountable pretense that it is still there, *Trimble* certainly applies to this case and requires that we reverse the judgment to the extent that it dismisses Count 2 of the complaint.

KRS 391.090 provides for inheritance by a bastard [2] from his mother, and from his father only if he has been legitimated through marriage of the parents to each other. We need not stultify ourselves by indulging in a "complete constitutional analysis" designed to support this distinction on the basis of objectives we know full well were neither intended nor imagined by the originators of the legislation. The plain fact is that the law was born and grew up in a man's world, and the power of government says that such a world no longer exists and its laws cannot subsist without it. Except for nature, which often seems blind to those things seen only by human eyes, man and woman are one and the same, and KRS 391.090 is invalid.

What we said in our first opinion about the amended complaint still holds.

■ Insofar as it declares the invalidity of KRS 391.090 this opinion shall have no retroactive effect upon the devolution of any title occurring before April 26, 1977

1. See *In re Estate of Karas,* 61 Ill.2d 40, 329 N.E.2d 234, 238 (1975).

2. We resort to this unfortunate terminology only because the statute uses it. It may be that

(the date of the *Trimble* opinion), except for those specific instances in which the dispositive constitutional issue raised in this case was then in the process of litigation.

The judgment is affirmed in its dismissal of Count 1 of the complaint. With respect to Count 2 of the complaint it is reversed for further proceedings consistent with this opinion.

All concur.

the word itself is unconstitutional and, along with "man" and "woman," is slated for extinction.