Joseph Lee FYKES, a Minor, Movant,

v.

Eudeen CLARK, Administratrix of the Estate of Roy Lee Fykes, Deceased, et al., Respondents.

and

Eudeen CLARK, Administratrix of the Estate of Roy Lee Fykes, Deceased, et al., Movants,

v.

Joseph Lee FYKES, a Minor, Respondent.

Supreme Court of Kentucky.

July 6, 1982.

David Goin, Scottsville, for Joseph Lee Fykes.

James S. Secrest, Jr., Scottsville, for Eudeen Clark, Adm. of the Est. of Roy Lee Fykes, Deceased, et al.

AKER, Justice.

This case involves the determination of the rights of an illegitimate minor, born subsequent to the death of his putative father, as to whether the minor is an heir at law of the putative father and thus entitled to share in the estate of the decedent.

Eudeen Clark, Administratrix of the estate of Roy Lee Fykes, initiated this action in the Allen Circuit Court via a Petition for a Declaration of Rights, wherein she asked the court to determine whether Joseph Lee Fykes, an illegitimate minor, is an heir at law of the decedent, Roy Lee Fykes.

The trial court found that (1) Roy L. Fykes died intestate on Sept. 4, 1978; (2) that Joseph Lee Kranz was born to Judy Kranz on April 22, 1979; (3) that on Sept. 19, 1979, by order of the Allen District Court the name of Joseph Lee Kranz was changed to Joseph Lee Fykes; and (4) Judy Kranz claims that the decedent, Roy L. Fykes, is the father of Joseph Lee Fykes.

The trial court concluded that an illegitimate posthumous child should have the opportunity to prove his paternity from which his right to inherit would flow, but held that the minor child had failed in his burden of proof, which must be met by clear and convincing evidence, and adjudged the minor child not to be an heir at law of Roy L. Fykes.

Both the minor child and the administratrix of the estate of Mr. Fykes appealed the trial court's judgment to the Court of Appeals.

Movant contended that the trial court erred in (1) requiring proof of paternity by "clear and convincing evidence" and (2) finding that the evidence he presented was insufficient to justify a finding of paternity.

The administratrix, et al., as cross-appellants, submitted that the trial court erred by holding that a posthumous illegitimate child is entitled to inherit as an heir at law, when his paternity had not been judicially determined prior to the father's death.

The Court of Appeals affirmed the judgment of the Allen Circuit Court. Both the appellant and cross-appellants in separate appeals moved this court for discretionary review, which we granted and consolidated the two appeals.

This is a case of first impression before this court, wherein an illegitimate minor, born subsequent to the premature death of his putative father, who died intestate, is claiming his proportionate share of his alleged father's estate.

At the outset, we must first determine whether an illegitimate, posthumous child has standing to prove his paternity, so as to establish his right to inherit from his natural father by intestate succession.

When a person dies intestate, both real and personal property shall descend in common to his children or their descendants. KRS 391.010. Legislation making a distinction between legitimate and illegitimate children viv-a-vis their right to inherit through their father has been under heavy fire in recent years.

In *Pendleton v. Pendleton*, Ky., 560 S.W.2d 538, 539 (1978), we declared KRS 391.090, providing that a bastard could inherit from his father only if he had been recognized by the father or had been legitimated through the marriage of his parents to each other, to be invalid. *Pendleton, supra*, had its roots in *Trimble v. Gordon*, 430 U.S. 762, 97 S.Ct. 1459, 52 L.Ed.2d 31 (1977), wherein the United States Supreme Court struck down an Illinois statute that permitted only legitimate children to inherit from a father who died intestate. The Illinois statute was held to violate the Equal Protection Clause of the Fourteenth Amendment.

We can see no valid distinction between an illegitimate child born before the putative father's death, who does not attempt to prove paternity until after the putative father's death, and the case at hand.

■ Accordingly, we hold that a posthumous, illegitimate child has standing in court to attempt to prove paternity, even though the putative father has died between the time of conception and birth.

■ Next we turn to the requisite quantum of proof that should be required of an illegitimate, posthumous child in proving paternity. The burden of proof rests upon the one claiming the right to inherit from the putative father's estate, CR 43.01(2), and the trial court in this case, citing *Allen v. Harvey*, Tenn., 568 S.W.2d 829 (1978), held that an illegitimate child must prove paternity with clear and convincing evidence.

We recognize that there are serious problems of proof of paternity inherent in cases involving illegitimate children; these problems are more pronounced in cases concern-

ing posthumous, illegitimate children. The United States Supreme Court noted that problems of proving paternity "are not to be lightly brushed aside, but neither can they be made into an impenetrable barrier that works to shield otherwise invidious discrimination." *Gomez v. Perez,* 409 U.S. 535, 538, 93 S.Ct. 872, 875, 35 L.Ed.2d 56, 60 (1973).

■ We agree with the trial court in holding that the standard of clear and convincing evidence, rather than a preponderance of the evidence, is the necessary standard which must be met in this case, and reiterate our previous definition of this evidentiary standard as follows:

> Clear and convincing does not necessarily mean uncontradicted proof. It is sufficient if there is proof of a probative and substantial nature carrying the weight of evidence sufficient to convince ordinarily prudent minded people. *Clemens v. Richards,* 304 Ky. 154, 159, 200 S.W.2d 156, 159 (1947).

Now we approach the question of whether the evidence presented below met the clear and convincing standard.

Movant urges that the trial court erred in concluding that the evidence on his behalf was insufficient to support a finding of paternity. Movant's proof consisted of the testimony of his natural mother, Judy Kranz; the sister of Roy L. Fykes, Eudeen Clark, who is the administratrix of the decedent's estate; and William Woods, a friend of the decedent who had known him nearly thirty years and who also is the uncle of the decedent's ex-wife.

■ The testimony of the aforementioned witnesses, who were the only ones to testify, established (1) the nature and duration of the relationship between Judy Kranz and the decedent which was consistent with decedent being the father of her expected child; (2) that Judy Kranz and the decedent suspected that she was pregnant and that the decedent informed the witnesses that he was the expectant father; and (3) that the couple planned to be married the weekend the decedent died unexpectedly. All three

witnesses testified to the physical resemblances between movant and the decedent. No contradictory proof was offered by the respondents.

The record clearly establishes that movant met the mandated burden of proof by showing with clear and convincing evidence that Roy L. Fykes is movant's father.

The facts of this case, in conjunction with the aforementioned recent cases applying the equal protection clause of the Fourteenth Amendment of the United States Constitution to illegitimate and legitimate children alike, compel our decision today.

We recognize that the ramifications of this decision create potential problems pertaining to (1) certification of title to real estate, (2) prompt and orderly settlement of estates, and (3) an increase in the number of spurious and fraudulent claims. The state has a strong interest in each of these areas.

Since our decision in *Pendleton, supra,* in which we declared KRS 391.090 invalid in toto, our legislature has chosen not to design a statute to fill the void left by KRS 391.090. The courts are powerless to address these problem areas, which fall clearly within the province of the legislature.

Accordingly, we hold that Joseph Lee Fykes is an heir of Roy L. Fykes. The decision of the Court of Appeals and the judgment of the Allen Circuit Court are hereby reversed.

All concur.