James Lee CAIN, Appellant,

v.

Deborah Lynn CAIN, Appellee.

No. 88–CA–30–S.

Court of Appeals of Kentucky.

Sept. 29, 1989.

William I. Bubenzer, Covington, for appellant.

No appearance for appellee.

Before HAYES, HOWARD and WILHOIT, JJ.

HOWARD, Judge.

Mr. Cain appeals from a decision of the Kenton Circuit Court denying his motion to compel blood tests to determine whether he is in fact the natural father of Brian Cain.

The parties were divorced in September of 1975. The trial court found that David Cain, aged three, and Brian Cain, aged six months, were born of the marriage and awarded custody to Mrs. Cain. Mr. Cain was granted visitation rights and ordered to pay child support. Several years later, with Mrs. Cain's consent, David began living with his father. Mr. Cain continued paying the child support for Brian who remained in the custody of Mrs. Cain.

In approximately 1985, the previously normal relationship between Mr. Cain and his son, Brian, began to deteriorate. Mrs. Cain told Brian that a man named Mike Kennedy was his real father rather than Mr. Cain. As a result, the relationship between Mr. Cain and Brian suffered to the point that it eventually came to an end. Brian ultimately refused visits with Mr. Cain, refused to associate with him, and refused to communicate with him. Both Mr. Cain and Brian have suffered extreme emotional and psychological problems because of Mrs. Cain's allegations. Prior to this time, Mr. Cain never had any reason to suspect he was not Brian's natural father.

In October, 1987, Mr. Cain filed a CR 60.02 motion and requested the above mentioned blood tests. Under CR 60.02 a party may be relieved of a final judgment for various reasons stated in the rule's subsections. But, any such request must be made within a reasonable period of time and for subsections (a), (b), and (c), a reasonable period of time is defined as one year. Mr. Cain did not rely on any of the subsections of CR 60.02 affected by the one-year limitations.

Specifically, Mr. Cain alleged that Mrs. Cain perpetrated fraud, CR 60.02(d), during the divorce proceedings by leading the court to believe Mr. Cain was the father of Brian when she should have known or had reason to suspect he was not the father. Mr. Cain also relied on subsection (f) of CR 60.02, arguing that the facts of this case are of a sufficiently extraordinary nature to justify the relief requested.

In denying the motion, the trial court determined that the twelve years between the 1975 divorce and the 1987 CR 60.02 motion was too great a lapse of time to justify reopening the divorce judgment. Mr. Cain now appeals that decision. Mrs. Cain has not responded to his appeal in any manner despite numerous notifications.

On appeal Mr. Cain argues that the court erred and that the requirements of CR 60.02 were satisfied. He contends that Mrs. Cain's fraud on the court is sufficient to warrant reopening the case and that he filed his motion within a reasonable period of time. It is true that his motion was not filed until twelve years after the divorce, but he did not learn or have any reason to suspect that he might not be Brian's father until 1985, ten years after the divorce. We agree with Mr. Cain.

In a similar case involving the issue of paternity, *Crowder v. Commonwealth*, Ky. App., 745 S.W.2d 149 (1988), there was a six-year lapse of time between the original judgment and the court-ordered blood tests. On that basis we do not believe a lapse of two years between Mr. Cain's learning of Mrs. Cain's statements and filing his CR 60.02 motion is an unreasonable length of time. The conditions of CR 60.02 were fully satisfied and the divorce judgment finding Mr. Cain to be Brian's father should be reconsidered.

KRS 406.081, the Uniform Act on Paternity, states in part: "The court, upon request of a party or on its own motion, *shall* order the mother, child and alleged father to submit to blood tests." (Emphasis added). Further, CR 35.01 states in part:

When the mental or physical condition (including blood group) of a party, or a person in the custody or under the legal

control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a physician or to produce for examination the person in his custody or legal control.

With the requirement of CR 60.02 met, the court not only has the authority but the duty under KRS 406.081 to order the appropriate blood tests to determine whether Mr. Cain is Brian's father. Only then will Mr. Cain and Brian know for sure whether they are father and son.

The judgment is reversed and this cause is remanded for entry of an order granting Mr. Cain's motion for blood tests.

HAYES, J., concurs.

WILHOIT, J., concurs in result.