Clarence William **SPEARS**, Appellant,

v.

Annie Dickson **SPEARS**, Appellee.

No. 88–CA–2100–MR.

Court of Appeals of Kentucky.

Feb. 23, 1990.

---

Beverly J. Westbrook, Hickman, for appellant.

Ryan M. Halloran, David W. Mossbrook, Cabinet for Human Resources, Frankfort, for appellee.

Before CLAYTON, DYCHE and HOWARD, JJ.

HOWARD, Judge.

The husband in this case appeals from a judgment of the Fulton Circuit Court overruling his CR 60.02 motion to reopen a dissolution action in order to determine the paternity of a minor child.

On June 5, 1985, the appellant, Clarence William Spears, filed a petition for the dissolution of his marriage to the appellee, Annie Dickson Spears. The parties were married in 1971, and separated in 1975. In the petition, Clarence stated that he had no knowledge of any children born of the marriage.

Clarence asked for the appointment of a warning order attorney because he was unable to locate Annie. The warning order attorney was also unable to find Annie and waived notice of submission of the case for hearing.

On July 29, 1985, Clarence, in a deposition in lieu of a hearing, testified that no children were born to the marriage before he and Annie separated and Annie was not pregnant prior to their separation.

A motion to submit was filed by Clarence on July 29, 1985. The motion was overruled.

On August 12, 1985, Annie filed an "entry of appearance and objection and resolution." Annie stated that she objected to Clarence's assertion that no children were produced from the marriage. Annie claimed that a child, Melissa Lynn, was born to her on August 26, 1975, and that Clarence was Melissa's father. Annie ac-

knowledged that she had never tried to collect child support from Clarence. Annie asked that Clarence be required to reimburse the Commonwealth for all AFDC payments and pay the Commonwealth for the current AFDC obligation of $170 per month. With these exceptions, Annie consented to dissolution of her marriage to Clarence.

On August 22, 1985, the trial court entered its findings of fact and conclusions of law. The marriage was dissolved. In regards to the child, the trial court concluded that because she was born during the marriage, she was presumed to belong to the parties. The trial court ruled that Clarence owed the child a duty of support and ordered him to pay $170 per month in child support. Clarence was also ordered to reimburse the Commonwealth for any AFDC expenditures.

Clarence states that he did not pay any child support because the Commonwealth made no demand for payment. Clarence received a notice in October, 1986, that his tax return and that of his current wife would be withheld and paid to a child support office connected with a Tennessee court for past due child support of $1,190.[1]

On December 7, 1987, Clarence filed a motion to reopen the dissolution action in regards to the finding of paternity. Clarence stated that he was willing to submit to and pay for blood testing to determine the paternity question.

The appellant was served with a petition on July 30, 1988, which stated that a URESA action was filed against him in Tennessee. On August 15, 1988, Clarence filed a renewed motion to reopen pursuant to CR 60.02(d) and (f). Clarence explained that after a hearing on the prior motion, he brought a paternity action in Fulton District Court. Blood testing was performed which showed that Clarence was not the child's biological father. The district court had dismissed Clarence's petition because it

---

1. Clarence's current wife could apparently file an amended return and receive her portion of   any joint refund.

had no authority to set aside a judgment of the circuit court.

On August 25, 1988, the trial court overruled Clarence's motion. This appeal follows.

Clarence contends that he was denied due process when the trial court failed to hold a hearing on overcoming the presumption of paternity.

When Annie raised her claim that a child was born of the marriage prior to the entry of the divorce decree, Clarence made no objection and made no request for a hearing. The record does not disclose that after the divorce decree was entered in which the child was found to be born of the marriage and Clarence was determined to owe her a duty of support, that Clarence submitted any post-trial motions contesting these findings or filed an appeal. Consequently, the issue is not one of due process, but one of finality of judgments.

When a final judgment on the merits is rendered by a court of competent jurisdiction, the doctrine of res judicata bars the relitigation of causes of action, facts and issues litigated in the prior action with regard to the parties and their privies. *BTC Leasing, Inc. v. Martin*, Ky.App., 685 S.W.2d 191 (1984).

Res judicata has been held to bar subsequent proceedings where there have been paternity findings or implications made in a prior divorce decree or support order. *Hackley v. Hackley*, 395 N.W.2d 906 (Mich. 1986); *Anonymous v. Anonymous*, 473 So.2d 502 (Ala.Civ.App.1984); *see* 78 A.L. R.3d 846.

In *Hackley, supra*, the husband filed a petition seeking blood testing over 2 years after the divorce decree became final. The Michigan Supreme Court stated that the child support order in a divorce decree was an adjudication of paternity. Further, it asserted that a finding in a divorce decree that the child was born of the marriage conclusively established paternity. The court concluded that because the husband did not appeal the divorce, he was barred by virtue of res judicata from relitigating the issue in a subsequent proceeding.

Under the above analysis, we would have to say that since Clarence failed to appeal the divorce decree, he is precluded from relitigating the paternity issue.

However, in 46 Am.Jur.2d *Judgments* § 402, the following statements appear:

> The doctrine of res judicata may be said to adhere in legal systems as a rule of justice. Hence, the position has been taken that the doctrine of res judicata is to be applied in particular situations as fairness and justice require, and that it is not to be applied so rigidly as to defeat the ends of justice, or so as to work an injustice.

It is further stated in this section that the doctrine "must at times be weighed against competing interests, and must, on occasion, yield to other policies." *Id.* This section was cited with approval in *Floyd County Board of Education v. Layne*, Ky., 474 S.W.2d 397 (1972).

In the case at bar, it is our belief that to apply res judicata to preclude Clarence from challenging paternity, when blood testing has shown that he is not the father, would "work an injustice." The potential for harm where one has been adjudicated the father of a child when overwhelming evidence discloses that he is not the father was amply discussed in *Crowder v. Commonwealth, Ex. Rel. Gregory*, Ky.App., 745 S.W.2d 149 (1988).

*Crowder, supra*, is somewhat similar to the instant case. A default judgment in a paternity action was issued against Crowder. Six years later, Crowder filed a motion in district court under CR 60.02 for relief from the judgment and a motion for blood testing of himself, the mother and the child. Crowder was told a few months prior to filing that the mother had said he was not the child's father. The district court granted the motion for blood testing which showed unequivocally that Crowder was not the father of the child. The district court however denied Crowder's CR 60.02 motion and the circuit court affirmed. This Court held that it was an abuse of discretion for the district court not to set aside the judgment of paternity.

In *Cain v. Cain,* Ky.App., 777 S.W.2d 238 (1989), the husband and wife were divorced in 1975 and the decree stated that three children were born of the marriage. In 1985, the husband began having difficulties with one of the children when the wife told the child that the husband was not his natural father. The husband, until that time, had no reason to suspect that he was not the child's natural father. In 1987, the husband filed a motion under CR 60.02(d) and (f) for blood testing to determine the paternity question. The circuit court denied the motion on the ground that twelve years was too great a lapse of time to justify reopening the judgment. This Court reversed.

Although the question of res judicata was not mentioned in *Cain, supra,* or *Crowder, supra,* the facts in both cases justify relief from res judicata. In *Cain, supra,* there was a distinct possibility that the husband was fraudulently led to believe he was the child's natural father. In *Crowder, supra,* blood testing had eliminated the possibility that Crowder was the biological father. Further, the HLA test, which is highly accurate, was not judicially approved at the time the default judgment was entered.

In the case at bar, the record does not show that Clarence ever held out the child as his. It is undisputed that no demand was ever made of Clarence to provide any support for the child until after the divorce action was instituted. Considering these factors together with the blood test showing that Clarence was not the child's father, we believe that it would be highly unfair and unjust to Clarence, and potentially to the child, if res judicata is ruled to be a bar to his CR 60.02 motion.

The judgment is reversed and remanded for action consistent with this opinion.

All concur.