Betty **CUMMINS**, Individually and as Administratrix of the Estate of Jayson Cox, Deceased, Movant,

v.

James **COX**, Respondent.

No. 89–SC–662–DG.

Supreme Court of Kentucky.

Sept. 27, 1990.

As Modified on Denial of Rehearing Dec. 27, 1990.

James P. Benassi, Frankfort, for movant.

Willie E. Peale, Jr., Frankfort, for respondent.

WINTERSHEIMER, Justice.

This appeal is from a decision of the Court of Appeals which reversed a judgment of the Franklin Circuit Court denying the biological father of an illegitimate son killed in an automobile accident the right to file an action for wrongful death pursuant to K.R.S. 411.130 or as a surviving parent in an action for loss of affection and companionship pursuant to K.R.S. 411.135.

The issue is whether the natural father had standing to file suit.

The child was born in 1969 to Betty Cummins and James Cox, Jr. Although they had been previously married, they were divorced in 1965. No judicial determination of paternity had been sought; consequently, the child was born out of wedlock. Jason was killed in an automobile accident in 1985, and the mother, as executrix of the estate, filed a wrongful death action under K.R.S. 411.130 and individually, as the surviving parent, for loss of affection and companionship under K.R.S. 411.135. The natural father filed suit pursuant to K.R.S. 411.135. The two actions were consolidated and the driver was dismissed after paying $50,000, the policy limits of his insurance coverage into court.

The distribution of that fund is the matter under contention here. The mother sought a declaration of rights claiming that as surviving mother of an illegitimate child who died leaving no surviving spouse or children, she alone was entitled to recovery and that the father of the illegitimate child could not inherit from such a child. She argued that the putative father is not within the meaning of "surviving parent" or "parents" in K.R.S. 411.135, or as "kindred" of the deceased, or as "father" in K.R.S. 411.130(2)(d).

The circuit court granted summary judgment for the mother holding that a reasonable construction of the statute excluded the father of an illegitimate child from recovering.

The Court of Appeals reversed, deciding that the putative father had standing to sue under his wrongful death claim as well as to inherit from his illegitimate child.

The mother's claim relies on K.R.S. 391.090 which was declared unconstitutional as violative of equal protection in *Pendleton v. Pendleton*, Ky., 560 S.W.2d 538 (1978). The statute was later repealed by the General Assembly in 1986, subsequent to Jason's death in 1985. The mother argues that *Pendleton, supra,* should be limited to its facts claiming that the opinion should not be considered to have held K.R.S. 391.090 unconstitutional in all respects but only insofar as it bars an illegitimate child's claim against his father's estate. The mother and the circuit court also espoused the reasoning of *Parham v. Hughes,* 441 U.S. 347, 99 S.Ct. 1742, 60 L.Ed.2d 269 (1979) in which the United States Supreme Court upheld as not violative of equal protection a Georgia statute which precluded the father of an illegitimate child who had not legitimatized the child as permitted by Georgia law from suing for wrongful death of the child.

The Kentucky and Georgia situations are not comparable. There is no statutory means in this state by which an illegitimate

father can legitimatize a child born out of wedlock without the direct and active cooperation of the mother. *Cf.* K.R.S. 406.021; *Sweat v. Turner*, Ky., 547 S.W.2d 435 (1977).[1] The classification which was set out in the Georgia wrongful death statute distinguished not between mothers and fathers of illegitimate children, but between fathers of illegitimate children who had legitimatized them, and those who had not. *Parham, supra,* is not a proper basis on which to adjudicate the mother's claim.

*Pendleton* held that a statute which provides for inheritance by an illegitimate child from his mother and from his father only if he has been legitimatized through marriage of the parents is violative of equal protection. *Fykes v. Clark*, Ky., 635 S.W.2d 316 (1982) held that illegitimate children are in the same position as legitimate children for purposes of inheritance. If paternity can be established by clear and convincing evidence, an illegitimate child can inherit from a putative father who dies intestate as well as from the mother. *Ellis v. Ellis*, Ky., 752 S.W.2d 781 (1988) held that such a claim did not accrue until the father's death. Following this line of reasoning, we see no reason to preclude a father from inheriting from an illegitimate child.

K.R.S. 411.130 and 411.135 make no reference to or classification specifically concerning the parents of children born out of wedlock. It simply lists the beneficiaries to whom recovery is to be distributed as "kindred," "parents," "mother" and "father." The language of K.R.S. 411.130 and 411.135 does not bar an illegitimate father from sharing in the recovery of the death of an illegitimate child. "Parents," "mother" and "father" should be interpreted according to their common usage. K.R.S. 446.080(4). Nowhere in the statutes does it differentiate between legitimate and illegitimate father. These words should be construed according to their common meaning. Use of the word "kindred" also does not serve to exclude the illegitimate father.

*Power v. Hafley,* 85 Ky. 671, 4 S.W. 683 (1887) indicates that the word "kindred" may include within its meaning a relation by blood or in law, but does not exclude either. It is of no aid to the mother in this case.

It is clear, as observed by the Court of Appeals, that as a practical matter the amount which the trial court may determine as compensation for an illegitimate father for the loss of affection or companionship could well be nothing or very nominal depending on the proof of the amount of affection and companionship, if any, the illegitimate father enjoyed during the life of the child. In our view, the full amount of the wrongful death claim to which the mother and the father are equal heirs should be factually decided and the same decided for each of the separate claims of the mother and father for loss of love and affection during the child's minority. Then the amount should be paid on a pro rata basis as determined by the trial judge.

It is the holding of this Court that an illegitimate father has standing to sue for a wrongful death claim pursuant to K.R.S. 411.130 and K.R.S. 411.135 as well as to inherit from his illegitimate child.

The decision of the Court of Appeals is affirmed and this matter is remanded to the circuit court for a hearing consistent with this opinion.

STEPHENS, C.J., and COMBS, GANT and LEIBSON, JJ., concur.

LAMBERT and VANCE, JJ., dissent.

1. K.R.S. 406.021 was amended effective July 13, 1990 to specifically include a "putative father." We take no position on whether this change would affect future cases. Our statute provides for a judicial determination of paternity, for purposes of providing child support. Unlike our statutory scheme, the Georgia statute provides for the full legitimization of the child.