91 F.3d 144
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Misty D. ROBERTSON, Plaintiff-Appellant
v.
Donnna E. SHALALA, Secretary Department of Health and Human
Services Defendant-Appellee.
 No. 95-5444.
 United States Court of Appeals, Sixth Circuit.
 July 8, 1996.
 
 Before: MERRITT, Chief Circuit Judge; MILBURN, Circuit Judge; and ZATKOFF, District Court Judge.*
 MERRITT, Chief Judge.
 
 
 1
 Plaintiff appeals from the decision of the Secretary of Health and Human Services, which was affirmed by the District Court, denying her child's insurance benefits she claimed under 42 U.S.C. § 402(d). Peggy Ray, Plaintiff Misty Robertson's mother, asserts that Misty is the child of Michael Robertson, who is deceased. She further claims that as his daughter, Misty is entitled to an intestate share of his estate, and consequently, insurance benefits pursuant to 42 U.S.C. § 416(h)(2)(A). The Secretary denied Misty's claim for benefits because she failed to prove by clear and convincing evidence that Michael Robertson is her natural father, as required under Kentucky inheritance law, which governs this case. Although the procedural history of this case is somewhat complex, the legal questions are not. The issues before this Court are whether the decision of the Secretary denying Misty benefits was supported by substantial evidence, and whether new and material evidence was presented to the District Court. We agree with the District Court that substantial evidence supports the Secretary's decision and that new and material evidence was not presented. We therefore AFFIRM.
 
 I.
 
 2
 Peggy Robertson (now Peggy Ray) and Michael Robertson were married from November 1974 until August 1975. Misty Robertson was born on July 21, 1976, approximately eleven months after the divorce of her mother Peggy and Michael, whom Peggy asserts is the child's father. Michael died in 1977. Peggy Ray filed three separate applications for childs benefits on behalf of Misty, based on Misty's relationship to Michael. The first application was denied 1978. The second application was granted, but that decision was then reversed. The third application was rejected as a duplicate.
 
 
 3
 Ultimately, however, the Plaintiff's appeals pursuant to the denial of her third application led to a full hearing and decision on the merits in 1992. In that decision, the administrative law judge (ALJ) first determined that the denial of Plaintiff's first application was error, because at the time of the insured's death illegitimate children could inherit from their father's estates in Kentucky. The ALJ also ruled that under the law which governs this case (Kentucky law as it was at the time of the insured's death) in order to obtain benefits, the plaintiff was obligated to prove paternity by clear and convincing evidence. He then held that, "[c]onsidering the entire record and the evidence presented, including the testimony of Peggy Ray (formerly Robertson) and the various affidavits, the evidence is conflicting and does not constitute 'clear and convincing evidence' under Kentucky law." Joint Appendix at 20. A request for review of the ALJ's decision was denied by the Appeals Council in May, 1993.
 
 
 4
 The Magistrate to whom the District Court assigned the case concluded that the Secretary's decision was supported by substantial evidence and should therefore not be disturbed. The District Court further concluded that Plaintiff's objections to the Magistrate's report were not timely filed, and that the two "new" affidavits it received were not new and material. The District Court therefore affirmed the Secretary's final decision.
 
 II.
 A. Substantial Evidence
 
 5
 The natural child of a deceased insured person may receive benefits based on the deceased insured's earning record. See 42 U.S.C. §§ 402(d)(1), 416(e). See also 20 C.F.R. §§ 404.354-404.355. In order to determine if an individual is a deceased insured's child, the Social Security Administration looks to the law of the deceased insured's domiciliary state as it was at the time of the insured's death. 242 U.S.C. § 416(h)(2)(A). Michael Robertson was domiciled in Kentucky when he died, and therefore, the law of Kentucky applies to this case. The Administrative Law Judge concluded that under Kentucky law at the time of the insured's death, an illegitimate child had to prove paternity by clear and convincing evidence in order to collect from the putative father's estate. Fykes v. Clark, 635 S.W.2d 316, 318 (Ky.1982). Thus, in order to qualify for benefits under 42 U.S.C. § 402(d)(1), Misty would have to prove by clear and convincing evidence that she is the daughter of Michael Robertson. The ALJ, and subsequently, the Magistrate to whom the District Court assigned this case, both determined that she did not meet this burden.
 
 
 6
 Plaintiff's evidence in support of the assertion that Michael was her father consisted of her mother's testimony, the affidavits of family members who said that Michael had admitted his paternity orally, and relatives' conclusions regarding the physical resemblance of Misty and Michael. There was also evidence, however, that Misty never lived with Michael, that he never supported her financially, that he did not leave her any property in his will, nor did he claim her as a dependant on his tax returns, and that she was not listed in his family records. In addition, Michael denied paternity on numerous occasions. He may even have offered to take a blood test to prove he was not the father. Brenda Robertson, the woman who married Michael after his divorce from Peggy, claimed that he executed a written denial of paternity of Misty at the welfare office. (These records were destroyed, so the assertion cannot be checked.) Brenda also stated that another man claimed to be Misty's father. The evidence further reflects that, although Peggy Ray filed a paternity suit against Michael at one time, she dropped that suit and signed a waiver indicating that he was not the father. Although she now asserts that the suit was dropped only because Michael promised that they could run away together, that explanation is controverted.
 
 
 7
 This Court may not reverse the ALJ's finding in this case unless it concludes that the ALJ's decision is not supported by substantial evidence. Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir.1986). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to suppport a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). Even if the case has been decided on substantially conflicting evidence, and even if this Court would not have resolved the conflict as did the ALJ, the ALJ's decision must still be upheld if it is adequately supported. Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir.1983). This Court may not resolve conflicts in the evidence or decide questions of credibility. Garner v. Heckler, 745 F.2d 383, 387 (6th Cir.1984).
 
 
 8
 Plaintiff argues that her burden to bring forth clear and convincing evidence does not require that her evidence be uncontradicted, it merely requires that the evidence be "probative and substantial" and carry the weight of the evidence sufficient to convince ordinarily prudent minded people. Fykes v. Clark, 635 S.W.2d 316, 318 (Ky.1982). Nonetheless, we agree with the Magistrate's findings of fact and conclusions of law, which were adopted by the District Court. The ALJ's determination that the Plaintiff did not prove her case by clear and convincing evidence is supported by substantial evidence.
 
 B. "New and Material" Evidence
 
 9
 Plaintiff claims there is new and material evidence in this case which warrants a remand to the Secretary of Health and Human Services. If a District Court finds that evidence is new and material, it may remand a case to the Secretary for further findings. 42 U.S.C. 405(g). Material evidence is evidence which creates the reasonable possibility that, if it were considered, the Secretary would be influenced to decide the case differently. Sizemore v. Secretary of Health and Human Services, 865 F.2d 709, 711 (6th Cir.1988). Evidence that is cumulative does not qualify as new evidence. Szubak v. Secretary of Health and Human Servs., 745 F.2d 831, 833 (3d Cir.1984). In addition, in order to be considered, good cause must also be shown as to why the evidence was not submitted earlier. 42 U.S.C. § 405(g).
 
 
 10
 The "new and material" evidence to which Plaintiffs points in this case consists of two affidavits, one from Marjorie Roach, Michael's mother, and the other from Charles Lester, Michael's friend. Mr. Lester's "new" affidavit, dated May 16, 1994, is substantially similar to his earlier statement, dated July 29, 1987. J.A. at 183. Both statements indicate that Mr. Lester was a friend of Michael Robertson and that Michael Robertson orally acknowledged paternity of Misty. The "new" affidavit of Marjorie Roach, dated June 21, 1994, is similarly lacking. Ms. Roach made three previous statements. In her July 6, 1992, statement she had already expressed her belief that Misty bears a strong physical resemblance to Michael Robertson. J.A. at 242-44. The Appeals Council decision of April 23, 1993, considered such physical resemblance evidence and still concluded that the clear and convincing standard had not been met. Therefore, neither of these affidavits presents any real possibility that the Secretary's decision would be different had they been included, and therefore, the evidence is not "new and material." Even if it were, however, the Plaintiff has failed to show good cause why these affidavits were not submitted to the ALJ at the second hearing in January 1992. Thus, the District Court's refusal to remand this case to the Secretary for further findings was correct and will not be disturbed.
 
 III.
 
 11
 For the foregoing reasons, the decision of the District Court is hereby AFFIRMED.
 
 
 
 *
 The Honorable Lawrence P. Zatkoff, District Court Judge, United States District Court for the Eastern District of Michigan, sitting by designation