NOT RECOMMENDED FOR PUBLICATION
File Name: 07a0056n.06
Filed: January 23, 2007

No. 06-5734

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| ANITA R. HENSLEY, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| COMMISSIONER OF SOCIAL SECURITY, | ) | EASTERN DISTRICT OF KENTUCKY |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | OPINION |

Before: MARTIN, COLE, and GILMAN, Circuit Judges.

**RONALD LEE GILMAN, Circuit Judge.** Anita R. Hensley applied for Supplemental

Security Income (SSI) in 1994, 1998, and 1999, alleging on all three occasions that she was disabled

due to her obesity. After an administrative law judge (ALJ) ruled against Hensley on her 1999 claim,

Hensley sought review of his decision by both the Social Security Administration's Appeals Council

and, in turn, by a federal district court in Kentucky. The district court reversed and remanded the

ALJ's decision in June of 2003. Nearly a year and a half later, the ALJ held a supplemental hearing,

which again resulted in a denial of Hensley's claim for SSI benefits.

On appeal of this latter decision to the district court, Hensley contended that the ALJ had

acted arbitrarily and had abused his discretion in refusing to consider evidence that Hensley

submitted after the ALJ had adjourned the hearing and closed the record on her claim. Hensley

accordingly requested a remand. The district court denied her request, concluding that Hensley had failed to carry her burden of demonstrating that the post-hearing evidence at issue, even if new, was also "material" within the meaning of 42 U.S.C. § 405(g). For the reasons set forth below, we **AFFIRM** the judgment of the district court.

## I. BACKGROUND

### A. Factual background

Anita Hensley, a 47-year-old woman with an eleventh-grade education, is morbidly obese. At all times relevant to this appeal, she weighed well in excess of 300 pounds. Hensley is less than five feet, three inches tall. She suffers from a variety of debilitating ailments on account of her obesity. These include, among other things, a degenerative back condition and an inability to fully flex at the waist. Hensley is also subject to severe mental impairments, including anxiety disorder and borderline intellectual functioning. Although she once worked as a laborer in a clothing factory, she never acquired insured status under the Social Security Act. Unable to perform many of life's most basic tasks, Hensley has applied for SSI assistance on multiple occasions within the last thirteen years.

Her claims have been repeatedly denied despite her severe impairments because the Social Security Administration (SSA) has determined that Hensley maintains a sufficiently high "residual functioning capacity" (RFC) to perform a variety of "light-level work" jobs in the regional and national economy, thereby disqualifying her from attaining the "disabled" status necessary to receive SSI. The opinions of no fewer than eight separate physicians—three of whom directly treated

Hensley and five of whom reviewed the available medical evidence in her case—support this determination.

**B.    Procedural background**

Hensley first applied for SSI in 1994. The SSA denied this application, and Hensley did not move for reconsideration. In 1998, Hensley filed a second application for SSI. The SSA denied her second application both initially and upon reconsideration. Hensley did not appeal the SSA's decision any further. Hensley filed a third application for SSI in 1999. The SSA also denied her third application both initially and upon reconsideration. But this time Hensley appealed the SSA's decision within the administrative system. In October of 2001, an ALJ upheld the determination of the SSA denying Hensley's request for SSI benefits. The Appeals Council in turn denied Hensley's request for review of the ALJ's judgment. Having exhausted her administrative remedies, Hensley timely filed suit in the United States District Court for the Eastern District of Kentucky. The district court, citing the ALJ's failure to fully consider Hensley's RFC, reversed the ALJ's decision and remanded the case in June of 2003.

Nearly 17 months elapsed before the ALJ held a supplemental hearing pursuant to the remand. At the hearing in November of 2004, Hensley testified about a wide variety of daily activities in which she engaged despite her impairments. Most pertinent among these were her daily trips by car to shop for groceries, to run other miscellaneous errands, and to drop off and pick up her children from school. She further conceded that she could lift a gallon of milk without hurting herself. A vocational expert (VE) also testified at the hearing. The ALJ posed several hypothetical scenarios to the VE concerning the job prospects of an individual with limitations similar to

Hensley's. Based upon these scenarios, the VE opined that Hensley could perform a significant number of jobs, such as a surveillance-system monitor, gate guard, or office messenger, in both the regional and national economy. The ALJ ultimately agreed, noting that numerous medical experts had similarly concluded that Hensley was capable of "a range of light work."

Neither Hensley nor her attorney indicated at any point during the hearing that she would be submitting any new evidence. The ALJ formally closed the record in Hensley's case at the conclusion of the hearing. Nonetheless, two days later, Hensley requested that the record be held open to permit her to submit a supplemental Functional Capacity Evaluation (FCE). On December 9, 2004, Hensley underwent an FCE conducted by Bryan Fugate, an occupational therapist. Fugate concluded, among other things, that Hensley was incapable of lifting any weight whatsoever. Hensley submitted the FCE on the very same day (December 9, 2004) to the SSA's Office of Hearings and Appeals in Huntington, West Virginia. Inexplicably, however, the FCE was never added to the list of exhibits in Hensley's file. When the ALJ rendered his final decision denying Hensley's application in March of 2005, moreover, he made no mention of the FCE. The Appeals Council provided Hensley no relief.

She then appealed once more to the district court, arguing that the ALJ had acted arbitrarily and had abused his discretion in refusing to consider the FCE and several undated photographs of Hensley that she submitted after the ALJ had adjourned the hearing and closed the record on Hensley's claim. She accordingly requested a remand. The district court ruled against Hensley, concluding not only that substantial evidence supported the ALJ's decision, but also that Hensley's post-hearing evidence did not warrant a remand under 42 U.S.C. § 405(g). Regarding Hensley's

request for a remand, the district court determined that neither the FCE nor the undated photographs satisfied the materiality prong of the test for admitting post-hearing evidence as set forth in § 405(g). Hensley timely appealed the district court's denial of her request for a remand.

## II. ANALYSIS

### A. Standard of review

Although our review of Social Security cases typically concerns whether substantial evidence supports the Commissioner's findings, *see* 42 U.S.C. § 405(g), Hensley is not directly challenging those findings. She instead argues that the post-hearing evidence that she submitted before the ALJ rendered his decision should have been considered by him. We review such post-hearing evidence solely to determine whether a remand is warranted under sentence six of 42 U.S.C. § 405(g). The test for a "sentence-six remand" is threefold: The evidence must be both (1) new and (2) material, and (3) the claimant must demonstrate good cause for her failure "to incorporate such evidence into the record in a prior proceeding." *Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 483 (6th Cir. 2006) (citing § 405(g)).

Regarding the first two prongs of the test, "evidence is new only if it was not in existence or available to the claimant at the time of the administrative proceeding." *Id.* at 483-84. Evidence deemed new will also be deemed material only if "there is a reasonable probability that the Commissioner would have reached a different disposition of the disability claim if presented with the new evidence." *Id.* at 484 (brackets omitted).

### B. Discussion

Neither of the two pieces of evidence that Hensley sought to add to the record—nor a combination thereof—satisfies these criteria. First, the undated photographs of Hensley, submitted to demonstrate the extent and effect of her obesity, only reinforce what the ALJ already had the opportunity to observe throughout the course of the November 2004 hearing. *See Robertson v. Shalala*, No. 95-5444, 1996 WL 384542, at *3 (6th Cir. July 8, 1996) (noting, in the context of § 405(g), that "[e]vidence that is cumulative does not qualify as new evidence."). The ALJ specifically found, moreover, that Hensley's obesity constituted a severe medical impairment. Like the district court, therefore, we cannot say that there is a reasonable probability that the ALJ would have decided the case differently had he considered the photographs of Hensley.

Second, the FCE compiled by Bryan Fugate is inconsistent not only with the bulk of the medical evidence in the record, but particularly with Hensley's own testimony. *See* 20 C.F.R. § 416.927(d)(4) ("Generally, the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion."). Fugate's evaluation stated, among other things, that Hensley was unable to lift any weight whatsoever. At both her first and second hearings, however, Hensley admitted that she could carry "real light stuff" and could shop for groceries on a regular basis. She even conceded that she could lift a gallon of milk without hurting herself. This testimony simply confirmed what several consultative examiners, as well as every State Agency physician who reviewed the relevant evidence, had determined: that Hensley was capable of at least light work.

Fugate, moreover, was neither a licensed physician nor Hensley's "treating source," but instead an occupational therapist who apparently examined Hensley only once. *See* 20 C.F.R. § 404.1527(d)(2)(i) ("[W]e will give the [treating] source's opinion more weight than we would give

it if it were from a nontreating source."). His evaluation, in short, would have been accorded little if any weight even if the ALJ had considered it. *See Perkins v. Apfel*, 14 F. App'x 593, 601 (6th Cir. 2001) ("Even a treating physician's opinion must be supported by sufficient clinical findings and be *consistent with the evidence*.") (brackets and quotation marks omitted) (emphasis added). We therefore again agree with the district court that there is no reasonable probability that the ALJ would have decided the case differently had he considered the FCE conducted by Fugate.

Finally, we note that even if both the photographs and the FCE were considered to be new and material, Hensley would still not be entitled to a remand. Simply stated, she has made no attempt to demonstrate good cause for her failure to submit either of these pieces of evidence to the ALJ at or prior to the hearing. "A claimant shows good cause by demonstrating a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ." *Hollon*, 447 F.3d at 485 (quotation marks omitted). Approximately 17 months elapsed between the June 2003 remand from the district court and the subsequent November 2004 hearing before the ALJ. Nothing in Hensley's brief or in the record indicates why she was unable to "acquire and present" to the ALJ the photographs and/or the FCE during this long period of time.

### III. CONCLUSION

For all of the reasons set forth above, we **AFFIRM** the judgment of the district court.