Jennifer Marie DAVIS, a Minor; and Rebecca Faye Davis, a Minor, Appellants,

v.

Melissa Nicole JOHNSON, Appellee.

No. 2007–CA–002394–DG.

Court of Appeals of Kentucky.

Feb. 20, 2009.

Discretionary Review Denied by Supreme Court Nov. 18, 2009.

Paul K. Croley, II, Williamsburg, KY, for appellant.

Frank A. Atkins, Jason Price, Williamsburg, KY, for appellee.

Before DIXON and NICKELL, Judges; BUCKINGHAM,[1] Senior Judge.

*OPINION*

BUCKINGHAM, Senior Judge (Assigned).

The sole issue raised in this appeal is whether a decedent's stepchild who has not been legally adopted may recover a share of damages under Kentucky's

---

1. Senior Judge David C. Buckingham sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

wrongful death statute, KRS 411.130. The Whitley District Court concluded that a stepchild who had not been adopted may not share in the recovery, but the Whitley Circuit Court reversed. We conclude that the Whitley District Court was correct. Thus, we reverse the judgment of the Whitley Circuit Court.

Clarence Davis died as a result of injuries that he sustained in a workplace accident that occurred on February 20, 2003. A wrongful death claim was made by his estate that resulted in a settlement totaling over $5 million. Under the terms of KRS 411.130, Clarence's children are entitled to share equally in one-half of the net recovery of the estate proceeds.[2] The appellants, Rebecca Faye Davis and Jennifer Marie Davis, are Clarence's biological children. The appellee, Melissa Nicole Johnson, is the biological daughter of Clarence's wife, Kathy Davis. Melissa was abandoned by her biological father, and Clarence acted as a father to her since her birth, although he never legally adopted her.

The Whitley District Court ruled that Melissa, as an unadopted stepdaughter, was not Clarence's "child" within the meaning of the statute and therefore was not entitled to a share of the settlement. Melissa appealed this decision to the Whitley Circuit Court, which reversed on the ground that although Clarence never formally adopted Melissa, he provided for her emotional and financial needs just like any natural father. We granted Rebecca's and Jennifer's petition for our discretionary review of the circuit court's decision.

■ KRS 411.130(2) provides that the amount recovered in a wrongful death action shall be distributed in the following order:

(a) If the deceased leaves a widow or husband, and no children or their descendants, then the whole to the widow or husband.

(b) If the deceased leaves a widow and children or a husband and children, then one-half (1/2) to the widow or husband and the other one-half (1/2) to the children of the deceased.

(c) If the deceased leaves a child or children, but no widow or husband, then the whole to the child or children.

(d) If the deceased leaves no widow, husband or child, then the recovery shall pass to the mother and father of the deceased, one (1) moiety each, if both are living; if the mother is dead and the father is living, the whole thereof shall pass to the father; and if the father is dead and the mother living, the whole thereof shall go to the mother. In the event the deceased was an adopted person, "mother" and "father" shall mean the adoptive parents of the deceased.

(e) If the deceased leaves no widow, husband or child, and if both father and mother are dead, then the whole of the recovery shall become a part of the personal estate of the deceased, and after the payment of his debts the remainder, if any, shall pass to his kindred more remote than those above named, according to the law of descent and distribution.

*Id.*

■ It is the appellants' position that Melissa does not qualify as a child of the deceased under section (2)(b). They advocate a strict construction of the language of the statute, arguing that if the Legislature had intended unadopted stepchildren to be included as beneficiaries, it would have inserted specific language to that effect. They also point to the difference in

---

**2.** Clarence's surviving spouse is entitled to the     other one-half share.

the duty of support owed by a stepparent to an adopted child as opposed to an unadopted stepchild. Absent an adoption, stepparents have no duty to support stepchildren in the event of a divorce. *See McDowell v. McDowell*, 378 S.W.2d 814, 815 (Ky.1964), *superseded on other grounds by statute as stated in Neidlinger v. Neidlinger*, 52 S.W.3d 513 (Ky.2001).

Melissa urges us to follow the circuit court's broad interpretation of the statute in order to further the public policy objective of recognizing the rights of stepchildren. Because Clarence provided her with financial, educational, and emotional support, she asserts that she is entitled to recover compensatory damages for the loss of his life. She points to several statutes that place stepchildren on an equal footing with biological or adopted children, including KRS 205.310 (stepparent has a duty to support a stepchild when receiving public assistance); KRS 140.080 (stepchildren placed on the same footing as biological and adopted children as class A beneficiaries when establishing inheritance tax rates); KRS 342.085 (stepchildren included in the definition of "child" for purposes of workers' compensation statutes). Davis also detects a trend in our case law toward expanding recovery for family members in wrongful death claims. She points to *Giuliani v. Guiler*, 951 S.W.2d 318, 323 (Ky.1997), wherein the Supreme Court of Kentucky recognized a child's common law right to loss of consortium damages for the death or injury of a parent, even though KRS 411.135 permits only a parent to claim loss of consortium damages for the death or injury of a child, and *Cummins v. Cox*, 799 S.W.2d 5, 7 (Ky.1990), wherein the Court held that the father of an illegitimate child has standing to bring a wrongful death claim for the death or injury of that child.

■ We are not persuaded by Melissa's arguments, primarily because the express inclusion of stepchildren by the Legislature in the statutes she cites strongly suggests that they were intentionally excluded from KRS 411.130.

> The primary rule [of statutory construction] is to ascertain the intention from the words employed in enacting the statute and not to guess what the Legislature may have intended but did not express. Resort must be had first to the words, which are decisive if they are clear.

*Gateway Const. Co. v. Wallbaum*, 356 S.W.2d 247, 249 (Ky.1962) (citations omitted).

As to *Guiler* and *Cummins*, we find that both cases are distinguishable as neither extended standing to unadopted stepchildren. Moreover, if Melissa's argument is taken to its logical conclusion, she would have the right to recover for the wrongful deaths of both her biological father and her stepfather, a benefit that is not afforded to adopted children. *See Sluder v. Marple*, 134 S.W.3d 15, 16 (Ky.App.2003) (holding that an adopted child cannot recover upon the wrongful death of its biological parent).

Finally, our survey of other jurisdictions has not revealed any cases holding that an unadopted stepchild may recover under that state's wrongful death statute except for *Moon Distributors, Inc. v. White*, 245 Ark. 627, 434 S.W.2d 56 (1968), and *Estate of Heiser v. Islamic Republic of Iran*, 466 F.Supp.2d 229 (D.D.C.2006). *See Klossner v. San Juan County*, 21 Wash.App. 689, 586 P.2d 899, 902 (1978) ("it is the uniform rule that unadopted stepchildren are not beneficiaries of a wrongful death action.").

*Moon Distributors* and *Estate of Heiser* are both distinguishable because of the wording of the statutes at issue. As to *Moon Distributors*, Arkansas' wrongful

death statute specifically includes as beneficiaries "persons to whom the deceased stood in loco parentis." Had our Legislature included a similar provision in KRS 411.130, the result in Melissa's case may have been different. Similarly, in *Estate of Heiser*, the pertinent statute provided that unadopted children could recover if clear and convincing evidence showed that the stepparent would have adopted the child but for a legal barrier. *Id.* at 313, n. 14. KRS 411.130 contains no such provision.

The judgment of the Whitley Circuit Court is therefore reversed.

ALL CONCUR.